MELVIN, Judge.
Petitioners, Peck Plaza Condominium, Edwin W. Peck, Inc., Edwin W. Peck and Hilda W. Peck, filed their petition seeking review of the final agency action of the Division of Florida Land Sales and Condominiums, Department of Business Regulation, wherein the petitioners were ordered to install a separate electricity meter for an elevator that served exclusively the 29th floor of the condominium, which 29th floor is owned by the petitioners.
The subject matter of disagreement between the petitioners and some owners of the condominium in question is whether or *153 not the cost of electricity for servicing the elevator referred to was to be borne exclusively by the owners or lessees of the 29th floor, where there is located a restaurant, or whether or not such electricity is to be paid for’ and furnished by the association out of funds raised by assessments against all owners for the general purposes stated in the condominium declaration.
This is the first case that brings to test the Division’s enforcement powers respecting Chapter 718, Condominium Act. Its predecessor Chapter 711 was originally enacted in 1963 and has from that time undergone various revisions. Chapter 718, Florida Statutes (1977) represents the Legislature’s attempt to synthesize experiences gained over the preceding 13 years relating to the thriving condominium construction and operation in Florida. The hearing officer prepared a comprehensive recommended order and therein noted that the Division’s first regulatory statute was Section 711.801, Florida Statutes (1975), and that from such Section the Division derived the following powers:
“In addition to other powers and duties prescribed by Chapter 478, the Department of Business Regulation, Division of Florida Land Sales and Condominiums, shall have power to enforce and ensure compliance with the provisions of this chapter relating to the development, construction, sale, lease, ownership, operation, and management of residential condominiums and residential cooperative units.”
The hearing officer further noted the provisions of Section 711.805, Florida Statutes (1975), which are:
“Violations; enforcement. — N otwith-standing any remedies available to unit owners and associations, if the Division of Florida Land Sales and Condominiums has reasonable cause to believe that a violation of any provision of this chapter has occurred, the division is authorized to institute enforcement proceedings in its own name against any developer or association or their assignees or agents to secure compliance with the statutes as follows:
(1) The division may issue cease and desist orders pursuant to s. 478.171.
(2) The division may bring an action in the appropriate circuit court for declaratory relief, injunctive relief, or restitution on behalf of a class of unit owners or lessees.”
The hearing officer then concluded that the Director of the Division derives his authority to regulate the condominium industry from Section 718.501, etc., Florida Statutes (1976 Supplement). The provisions of this section, without substantial alteration, are a restatement of the basic law relating to condominiums that has been heretofore set forth. The whole controversy is whether the Division has the authority to render a valid interpretation of the articles, bylaws or declaration and determine the intent of the parties as to who should bear the cost of the operating expenses for the limited common element, namely the express elevator to the 29th floor. The hearing officer takes note of the ambiguity existing in the documents with reference to this subject matter but then, to his own satisfaction, settles the question of jurisdiction of the Department by stating:
“. Respondent admitted petitioner has jurisdiction over the development of condominiums in the State of Florida, and did not contest Respondent’s jurisdiction to resolve the issues joined. . .” (The proposed order of the hearing officer, page 6)
The hearing officer then reached the interesting conclusion on page 7 of his proposed order stated as follows:
. Probable cause having been alleged and not contested by Respondents, the Hearing Officer has jurisdiction over the parties and the issues.”
It is still the law of the State of Florida that government derives its power by consent of the governed. Under our state system of government the consent of the people is either granted or not granted by their legislative body. We find no provision in the condominium law that would grant to the respondent Division the authority to *154 interpret and then to enforce its interpretation of the provisions of a condominium contract that is admittedly ambiguous. Jurisdiction to interpret such contracts is, under our system, vested solely in the judiciary. It is to the judiciary that the citizenry turns when their rights under a document are unclear and they desire an interpretation thereof.
In Florida Industrial Com’n v. National Trucking Co., 107 So.2d 397 (Fla. 1st DCA 1958), this Court held:
“Administrative boards, commissions and officers have no common-law powers; but are limited to such powers as may be granted, either expressly or by necessary or fair implication, by the statutes creating them. . . ”
Also, this Court held in Division of Family Services v. State, 319 So.2d 72 (Fla. 1st DCA 1975):
“It is a generally accepted principle of administrative law that an agency, being a creature of statute, has only those powers given to it by the legislature. . . ”
There being no statutory grant of power to the Division to interpret and enforce the conflicting and ambiguous provisions of a declaration relating to a condominium, it follows, as a matter of logic, that the Division may not supplement the absence of legislative authority by a case by case attempt at rule-making control in this area. Any such effort would clash with the Supreme Court’s decision in Lewis v. Bank of Pasco County, 346 So.2d 53 (Fla.1976). There is no statute containing standards that would guide on the one hand and restrain on the other the agency in the creation and execution of any such rule or power. Such authority may not be brought into existence by agency ambition, insinuation or bureaucratic osmosis.
The Agency was without authority to adopt the order here reviewed, Being void, such order is hereby vacated and set aside.
SMITH, Acting C. J., and BOOTH, J., concur.