ROBERT P. SMITH, Jr., Acting Chief Judge.
Lawrence Roberts and Larry Roberts, Inc., are licensed by the Florida Real Estate Commission as a real estate broker and a corporate real estate broker. They seek a *1059 writ of prohibition to arrest disciplinary proceedings against them on an amended administrative complaint filed January 17, 1979 by the Commission. The charge is that petitioner Roberts, acting for his own account, entered into a contract for sale of property owned by him, accepted a $2,000 deposit from the purchaser, breached a warranty of access set out in the contract and failed to return the purchaser’s $2,000 deposit, allegedly stating that “he could not return' the money because he did not have it.”
The present petition urges that the Commission is without jurisdiction to discipline Roberts and his corporation because the alleged acts, constituting cause for discipline, were not committed by him as a broker. Today we rejected that contention in Sellars v. Florida Real Estate Commission, 380 So.2d 1052 (Fla. 1st DCA 1979). The petition urges also that Peck Plaza Condominiums et al., v. Division of Florida Land Sales et al., 371 So.2d 152 (Fla. 1st DCA 1979), forecloses the Commission from deciding disciplinary matters which require construction and interpretation of contracts. But here the Commission does not seek to enforce contractual rights, as was the case in Peck, but only to inquire into alleged violations of sections 475.-25(l)(a) and (c), Florida Statutes (1977). See also State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487, 492 (Fla.1973).
Finally, Roberts urges that the Commission lacks jurisdiction because, contemporaneously with the filing of the administrative complaint, Roberts filed a complaint in the Circuit Court of Seminole County for a declaratory judgment concerning the contract in question and his obligations under it. Thus, Roberts urges, section 475.25(l)(c) forecloses Commission jurisdiction. That statute provides that a registered broker may be disciplined for failing to account or deliver to another any fund which has come into his hands and is not his property, of which he is not entitled to retain, -under the circumstances;
provided, however, that, if the registrant shall, in good faith, entertain doubt as to his duty to account and deliver said property^ or as to what person is entitled to the accounting and delivery, or if conflicting demands therefor shall have been made upon him and he has not appropriated the property to his own use or intermingled it with his own property of like kind, he may notify the commission promptly, truthfully stating the facts, and ask its advice thereon, or after notice thereof to the commission, shall promptly submit, the issue to arbitration by agreement of all parties, or interplead the parties, or otherwise seek an adjudication of the question, in a proper court, and shall abide, or offer to perform, the advice of the commission or the orders of the court or arbitrators, no information against him shall be permitted to be maintained .
The escape provisions of section 475.25(1)(c) must be timely invoked. Grieser v. Myers, 267 So.2d 673 (Fla. 4th DCA 1972), cert. den., 273 So.2d 766 (Fla.1973). From the allegations of the petition and the record supplied, it does not appear as a matter of law that Roberts is entitled to the benefit of the escape provisions of the statute. The contract was made in February 1976 and it contemplated closing in August 1976. The administrative complaint, and the declaratory judgment complaint which sought to supervene the administrative proceeding, were filed in January 1979.
The Commission has clear authority to proceed. The petition for writ of prohibition is
DENIED.
LARRY G. SMITH, J., and WOODROW M. MELVIN, Associate Judge (Ret.), concur.