441 So.2d 1121 (1983)
Richard FLEISCHMAN, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. 83-1081.
District Court of Appeal of Florida, Third District.
November 8, 1983.
Rehearing Denied December 21, 1983.
Manuel E. Oliver, Hialeah, for appellant.
*1122 Gary L. Printy, Sr., Longwood, for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The Florida Real Estate Commission suspended the appellant Fleischman's salesman's license for 18 months solely because he did not return a deposit he received on a real estate transaction undertaken entirely on his own account. Upon the holding that Section 475.25(1)(d), Florida Statutes (1981) does not, as the commission ruled, authorize the imposition of discipline in these circumstances, we reverse.
The operative facts, as found by the hearing examiner and adopted by the commission, are starkly simple and essentially uncontroverted. Fleischman advertised to lease a parcel of real property which he personally owned. In the course of the negotiations which resulted, Oscar Rodriguez wrote Fleischman a $2,500 check as a part of a projected $5,000 total deposit. There was no specific agreement as to whether the sum was refundable; Fleischman did not affirmatively inform Rodriguez that it was not and continued to seek a lessee subsequent to receiving the check. After neither the proposed lease nor an outright purchase of the property, which was also discussed, went through, Rodriguez demanded the return of the $2,500. Fleischman, claiming he was entitled to retain the sum, refused, and the present proceeding was thereupon commenced against him.
The commission neither alleged, proved nor found  as it manifestly could not under these facts  that Fleischman was guilty of fraud, dishonest dealing or the like under Section 475.25(1)(b)(c), Fla. Stat. (1981). Rather, it claimed, and based its finding upon the conclusion only that his failure to return the $2,500 violated Sec. 475.25(1)(d). That provision states that a real estate licensee may be disciplined if he
[h]as failed to account or deliver to any person, including a licensee under this chapter, at the time which has been agreed upon or is required by law or, in the absence of a fixed time, upon demand of the person entitled to such accounting and delivery, any personal property such as money, fund, deposit, check, draft, abstract of title, mortgage, conveyance, lease, or other document or thing of value, including a share of a real estate commission, or any secret or illegal profit, or any divisible share or portion thereof, which has come into his hands and which is not his property or which he is not in law or equity entitled to retain under the circumstances. However, if the licensee, in good faith, entertains doubt as to what person is entitled to the accounting and delivery of the escrowed property, or if conflicting demands have been made upon him for the escrowed property, which property he still maintains in his escrow or trust account, the licensee shall promptly notify the commission of such doubts or conflicting demands and shall promptly:
1. Request that the commission issue an escrow disbursement order determining who is entitled to the escrowed property;
2. With the consent of all parties, submit the matter to arbitration; or
3. By interpleader or otherwise, seek adjudication of the matter by a court. If the licensee promptly employs one of the escape procedures contained herein, and if he abides by the order or judgment resulting therefrom, no administrative complaint may be filed against the licensee for failure to account for, deliver, or maintain the escrowed property.
It seems clear to us that this statute does not apply to a situation, like this, in which there is no more than a simple dispute  ordinarily resolvable in civil proceedings  over who is entitled to a given sum of money.
It is well-settled, on the one hand, that, absent clear legislative authorization to the contrary, violations of mere contractual rights are concerns only of the courts, and may not be enforced by disciplinary *1123 action undertaken by a regulatory agency like the real estate commission. Cannon v. Florida Real Estate Commission, 221 So.2d 240 (Fla. 4th DCA 1969), cert. denied, 226 So.2d 817 (Fla. 1969); Peck Plaza Condominium v. Division of Florida Land Sales and Condominiums, 371 So.2d 152 (Fla. 1st DCA 1979); see generally, Annot., Revocation or suspension of real-estate broker's license for conduct not connected with business as broker, 22 A.L.R. 4th 136 (1983). Moreover, since disciplinary statutes are penal in character and effect, they must, in any case, be strictly interpreted against the authorization of discipline and in favor of the person sought to be penalized. State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147 (1930); 30 Fla.Jur. Statutes § 132 (1974). Even without the aid of these general rules, however  and thus all the more obviously with it  we believe the correctness of our view of subsection (d) is demonstrated on the face of the provision itself. Every statute must be read as a whole with meaning ascribed to every portion and due regard given to the semantic and contextual interrelationship between its parts. 30 Fla.Jur., supra, § 118. In this instance, the latter portion of the subsection repeatedly refers to the "personal property ... or other document or thing of value" described in general terms in the first sentence as "the escrowed property." Thus, fairly, commonsensibly and grammatically considered, 30 Fla.Jur., supra, § 93, the reach of subsection (d) is confined to unjustified refusals to account for or return property received in trust or "escrow" by a real estate licensee in his professional capacity. Such a dereliction is one which plainly may and should be the subject of discipline by the commission, but it was just as plainly not involved here.
The $2,500 given Fleischman as a deposit or earnest money in a proposed deal which involved his own property was in no sense "escrowed property." That term by definition refers to property placed with a stakeholder or third party not involved in the transaction itself. Smith v. Macbeth, 119 Fla. 796, 161 So. 721 (1935); Cowman v. Allen Monuments, Inc., 500 S.W.2d 223 (Tex.Civ.App. 1973); see generally, 22 Fla. Jur.2d Escrow § 3 (1980). Whether Fleischman would have been civilly required to return the deposit as an unauthorized penalty, instead of retaining it as legitimate liquidated damages, 17 Fla.Jur.2d Damages § 98 et seq. (1980),[1] his failure to do so cannot be made accountable to the commission's regulatory authority.[2] This conclusion is made clear by Hogg v. Real Estate Commissioner, 54 Cal. App.2d 712, 129 P.2d 709 (1942), which involved a virtually identical situation. In reversing the discipline imposed upon a broker because he failed to return a down payment on his own property, notwithstanding a finding that this conduct was "dishonest,"[3] the court held
in the absence of any evidence showing bad faith, it is our conclusion that the finding that [the broker] was, in this transaction, dishonest, cannot be sustained. Stated another way, it cannot be held that appellant is guilty of `dishonesty' for refusing to pay back a sum of money which in good faith he claims he is entitled to retain. Whether or not the legal objections raised by appellant against refunding the down payment are well taken must be determined, of course, in an action which may be brought to recover that sum. They are not issues which may be here decided... .
129 P.2d at 712.
The appellee's heavy reliance for affirmance on Sellars v. Florida Real Estate Commission, *1124 380 So.2d 1052 (Fla. 1st DCA 1979), rev. denied, 389 So.2d 1114 (Fla. 1980) is totally misplaced. Sellars indeed holds that a broker may be disciplined for improprieties in conducting his own personal real estate transactions. But this conclusion was based upon a violation of what is now Sec. 475.25(1)(b), which expressly proscribes
fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction... .
380 So.2d at 1053. To repeat, Fleischman was not even accused of any such misconduct. As its counsel acknowledged at oral argument, the literal interpretation of subsection (d) which the appellee urges upon us would include every transaction in which a licensee becomes personally involved; it is not restricted to real estate transactions in particular or even to commercial obligations in general. Under this view, discipline might thus be imposed if one does not return a disputed deposit on a refrigerator or used car or even fails to repay a promissory note so long as the commission finds that "in law and equity" he was not entitled to do so. We cannot and do not believe, however, that, by the enactment of Sec. 475.25(1)(d), the legislature meant to subject Florida real estate licenses to the jeopardy of a simple breach of contract to pay money or return property.
For these reasons, the order under review is reversed and the cause remanded with directions to dismiss the complaint.
NOTES
[1] While this question is not before us and we therefore express no opinion concerning it, we do note that Rodriguez has never filed such an action and did not even appear at Fleischman's hearing before the trial examiner; only his attorney did so. It appears therefore that this disciplinary proceeding was improperly used as an instrumentality to redress what was at most a purely civil complaint.
[2] To the extent that this determination is contrary to Roberts v. Ayers, 380 So.2d 1057 (Fla. 1st DCA 1979), the precise holding of which is unclear, we obviously disagree with that decision.
[3] As has been and will be pointed out, no such claim was even asserted in this case.