BERANEK, Judge.
This is a condominium controversy of major proportions in that it involves approximately 15,000 residents of a large South Florida multi-condominium residential development. The appellant, Point Management, Inc., is the managing agent for the various separate condominium associations, which now operate this multi-con-dominium development. For the purposes of this opinion, appellant, Point Management, Inc., will be referred to as the “Associations.” The appellee is the Florida Department of Business Regulation, Division of Florida Land Sales and Condominiums, an administrative agency charged with enforcing the Condominium Statute of this state. Appellee will be referred to as the “Department.”
At issue is an administrative order issued by the Division on March 29, 1983. This order rejected a contrary finding by an administrative hearing officer, and held the Associations in violation of Section 718.-115(2), Florida Statutes (1981), by paying the expenses of two golf courses from greens fees collected from residents and nonresidents who actually played golf on the courses. Unit owners who did not use the courses paid nothing for their maintenance unless the greens fees failed to cover these expenses. The Division found the golf course expenses to be “common expenses” under the condominium documents and Section 718.115, Florida Statutes (1981), and ordered the Associations to assess each unit owner his proportionate share of these expenses and to cease collecting greens fees from unit owners.
*307 The Associations appeal urging numerous errors. The primary argument is based upon Peck Plaza Condominium v. Division of Land Sales and Condominiums, 371 So.2d 152 (Fla. 1st DCA 1979), to the effect that the Division exceeded its jurisdiction because it interpreted various contracts between the parties. Appellant asserts the Division has merely interpreted the various condominium documents and enforced its own interpretation of those documents against the contracting parties. We agree and reverse based upon the Peck decision.
Several years before the administrative order in question was entered, the condominium associations and the developer became involved in complex litigation filed in the Circuit Court for Palm Beach County. Three separate lawsuits concerning various aspects of this multi-condomini-um development were filed and eventually settled after some four and one-half years of litigation. The Circuit Court approved the settlement after formal proceedings. The compromise of the three separate cases was effectuated by a general settlement agreement. Attached to this settlement agreement and made as a part of it were various attachments, including but not limited to, an agreement for deed, a long term lease, and an amendment to the condominium declarations. The Division construed and interpreted all of these documents in reaching its conclusion in the present administrative proceeding, and in doing so exceeded its jurisdiction as announced in Peck Plaza Condominium v. Division of Land Sales and Condominiums, supra. The rationale of the Peck case is that courts rather than administrative bodies construe contracts. A settlement agreement between parties to litigation is in fact a contract.
The Associations here moved to dismiss the administrative proceeding on jurisdictional grounds, and this motion was denied by the Division. In doing so, the Division erred. This case is even stronger than the Peck situation, because here we deal with a contractual settlement between separate parties m separate litigation which settlement has already been approved by the Circuit Court. We conclude, having reviewed the documents by which settlement was effectuated, that ambiguities existed as to the issues in the instant administrative proceedings. We thus vacate the order of the Division and remand for further proceedings with directions that the initial administrative order to show cause be dismissed.
REVERSED AND REMANDED.
DOWNEY and LETTS, JJ., concur.