487 So.2d 319 (1986)
C.E. PETERS LANDCLEARING, INC., Appellant,
v.
Eric R. GOSSINGTON, and Paul Edward Carlisle, Jr., Appellees.
No. 85-1817.
District Court of Appeal of Florida, Fourth District.
March 5, 1986.
As Corrected on Denial of Rehearing, May 14, 1986.
*320 Marjorie Gadarian Graham, of Jones & Foster, P.A., West Palm Beach, for appellant.
Boose, Ciklin, Lubitz, Martens, McBane & O'Connell and Edna L. Caruso, of Edna L. Caruso, P.A., West Palm Beach, for appellee Gossington.
GLICKSTEIN, Judge.
This is an appeal from the trial court's order, denying defendant/appellant's motion to vacate a default judgment. We affirm.
The claims examiner of appellant's insurer submitted an affidavit in an effort to vacate the default, asserting:
1. I, DEBORAH WARD, am claims examiner for Utica Mutual Insurance Company, who insures the Defendant, C.E. PETERS LANDCLEARING, INC., in this action.
2. Our insured, C.E. PETERS LANDCLEARING, INC., did what was required under the policy as far as advising Utica Mutual Insurance Company of the pending claim against them and the eventual service of suit papers in this action.
3. I initiated communications with Plaintiff's counsel in an attempt to settle this matter obtaining an extension of time to file responsive pleadings pending our settlement negotiations.
4. I offered our policy limits in full settlement of this claim and this was not accepted by Plaintiff. Several further discussions were held regarding the obtaining of financial affidavits from C.E. PETERS LANDCLEARING, INC. as well as discussions regarding the possibility of a structured settlement using policy limits.
5. Plaintiff's counsel, by letter, advised me that it would be necessary to file responsive pleadings by April 12, 1985.
6. Following that date, I had no further communications with Plaintiff's counsel.
7. Due to oversight, excusable neglect, and/or inadvertance [sic], suit papers and file were not forwarded to our defense counsel, GEORGE P. SUPRAN, of the law firm of JONES & FOSTER, P.A., with appropriate instructions to file responsive pleadings.

8. I was first advised of the Default against C.E. PETERS LANDCLEARING, INC. by Attorney George Supran of JONES & FOSTER, P.A., on June 12, 1985.
9. I was not advised of the entry of the Default by Plaintiff's counsel at any time prior to that. [Emphasis added.]
We have emphasized paragraph 7 because it contains nothing more than legal conclusions of affiant, leaving the trial court to speculate upon an infinite number of facts to explain why the papers were not forwarded, and no sworn explanation upon which to conclude excusable neglect to exist. See B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). Some facts would have plainly constituted excusable neglect. An equal number of scenarios would just as clearly not be.
In contrast to this case is the recent decision in S.B. Partners v. Holmes, 479 So.2d 280 (Fla. 2d DCA 1985); and, as held in Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla. 1972), the facts of each case peculiarly determine whether relief under Florida Rule of Civil Procedure 1.540(b) should be granted.
DOWNEY and DELL, JJ., concur.