673 So.2d 158 (1996)
Helene ALBERTS, Belle Cohen and Anne Marcus, Appellants,
v.
FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee.
No. 95-2971.
District Court of Appeal of Florida, Fourth District.
May 15, 1996.
*159 Burton D. Greenfield, Miami, for appellants.
Stuart H. Gitlitz of Faber & Gitlitz, P.A., and James D. Keegan, Coral Gables, for appellee.
KLEIN, Judge.
When cases with the same facts produce different results, it can be difficult for the litigants to accept. When appellate judges are confronted with these cases, however, and the standard of review is whether the trial court abused its discretion, it can occur. Here we affirm a trial court's decision to set aside a foreclosure sale although, in a case involving similar facts, one of our sister courts affirmed a trial court's refusal to set aside a foreclosure sale.
In our case, after entering a final judgment of foreclosure in favor of the Federal Home Loan Mortgage Corporation (FHL), the trial court set a sale date, at which point FHL was owed, with interest, $118,955. As a result of a mistake in communications between FHL's counsel, and the agent bidding for FHL at the sale, the agent understood the maximum bid to be $18,995. The buyers, who knew the residence was worth at least $100,000, bid $5 more than the bidding agent, and were the high bidders at $19,000.
FHL moved to set the sale aside as being grossly inadequate and having resulted from a mistake, and, following an evidentiary hearing, the trial court set it aside. The buyers have appealed, arguing that Wells Fargo Credit Corp. v. Martin, 605 So.2d 531 (Fla. 2d DCA 1992), produced the opposite result on the same facts.
In Wells Fargo the lender had instructed its bidding agent to bid $115,500; however, the agent misunderstood, and bid only up to $15,500. The property was sold for $20,000 and Wells Fargo moved to set the sale aside on the same grounds as were alleged in the present case. The trial court, although finding the amount grossly inadequate, denied the motion to set aside the sale. The second district affirmed, concluding that the trial court had not abused its discretion in determining that Wells Fargo should not be relieved of its mistake. The court recognized that other courts, including this one, had approved the setting aside of a judicial sale based on a unilateral mistake, but pointed out that those too were affirmances, based on a finding of no abuse of discretion, and accordingly there was no conflict.
Although this case is factually on all fours with Wells Fargo, appellants must still demonstrate an abuse of the trial court's discretion, which on the setting aside of a sale, "will only be interfered with by the appellate court in a clear case of injustice." Mitchell v. Mason, 75 Fla. 679, 79 So. 163, 164 (Fla.1918), cert. denied, 248 U.S. 584, 39 S.Ct. 182, 63 L.Ed. 433 (1919). And, in Northern Investment Corp. v. Coppock, 134 Fla. 168, 183 So. 635, 636 (Fla.1938), the court explained that because of the trial court's discretion, it would have affirmed, regardless of whether the trial court had upheld the sale or set it aside. We thus agree with the Wells Fargo court that different results do not necessarily create conflict.
Appellants also rely on John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA), cert. denied, 389 So.2d 1113 (Fla.1980) in which a second mortgagee filed a foreclosure action and purchased a residence with an equity of $30,000, for $5,000, at the sale. The homeowners, who were properly served but did not attend the sale, persuaded the trial court to set the sale aside on the ground that the wife had thrown the suit papers away. We reversed, finding an abuse of discretion:

*160 The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused. The mere assertion by a party to a lawsuit that he does not comprehend the legal obligations attendant to service of process does not create a sufficient showing of mistake, inadvertence, surprise or excusable neglect to warrant the vacating of a final judgment.
Id. at 385-86. Schwartz, contrary to appellants' assertions, is distinguishable. It is one thing for a mistake in communications to result in a mortgagee submitting a bid which is a fraction of the mortgage, and another for properly served parties to ignore the suit papers and not attend the sale.
Appellants also argue, citing Wells Fargo, that a "unilateral mistake by the complaining party" is insufficient to set aside a sale. 605 So.2d at 533. Wells Fargo, in our opinion, did not so hold, but rather recognized that whether a unilateral mistake could be a basis of relief had not been expressly decided by that court. More recently, in RSR Investments, Inc. v. Barnett Bank of Pinellas County, 647 So.2d 874 (Fla. 2d DCA 1994), the same court affirmed the setting aside of a sale in which the bank was foreclosing a mortgage of $86,109, but because of a clerical error the bank's counsel did not appear at the sale. Judge Quince dissented, citing Wells Fargo; however, the majority affirmed, citing our decision in Fernandez v. Suburban Coastal Corp., 489 So.2d 70 (Fla. 4th DCA 1986).
In Fernandez a mortgagee who was foreclosing had instructed an abstract company to bid at the sale, and the abstract company inadvertently failed to attend the sale. The successful bid was $100. We affirmed an order setting aside the sale. See also, VanDelinder v. Albion Realty & Mortgage., Inc., 287 So.2d 352 (Fla. 3d DCA 1973) (Affirming order setting aside $50 sale when owner's attorney mistakenly failed to attend sale).
We therefore reject appellant's argument that the type of mistake which occurred in this case cannot be the basis for the setting aside of a sale. Finding no abuse of discretion, we affirm.
PARIENTE, J., and GENDEN, MICHAEL A., Associate Judge, concur.