PER CURIAM.
This appeal arises from an eminent domain proceeding that was settled through mediation. A stipulated final judgment was entered that incorporated the settlement agreement in which the parties agreed that the trial court would “reserve jurisdiction to assess any damage to pool caused by construction.” After the Department of Transportation (“DOT”) commenced construction, M & C Associates (“the owner”) filed a motion seeking to enforce this provision of the final judgment. The trial court struck the owner’s motion on the basis that construction damages are not recoverable in an eminent domain proceeding and, therefore, the trial court could not reserve jurisdiction to address such a claim. We reverse because the trial court erred by failing to adhere to the terms of the parties’ settlement agreement.
When the parties entered into the settlement agreement, their rights and duties merged into that agreement and its provisions became binding on the parties and the trial court. See J. Allen, Inc. v. Castle Floor Covering, Inc., 543 So.2d 249 (Fla. 2d DCA 1989). The fact that construction damages are not generally recoverable as severance damages is not a defense to enforcement of the settlement agreement. See 10 Fla. Jur.2d Compromise, Accord and Release § 12 (1979). There is no requirement that the terms of a settlement agreement be confined to issues cognizable in the litigation giving rise to the dispute. In fact, cases are often settled precisely because the parties agree to assume obligations or confer rights *641 that a jury or the trial court would be unable to reach.
In this eminent domain proceeding, it is undisputed that DOT agreed that the owner would receive compensation for any damages to its pool caused by construction, and the final judgment which the owner sought to enforce so provided. Because the parties and the trial court were bound by the agreement, we reverse and remand for the trial court to address the owner’s pool damage claim.
CAMPBELL, A.C.J., and BLUE and FULMER, JJ., concur.