PER CURIAM.
The plaintiff, Natalia Paz, appeals from an adverse final summary judgment. We reverse.
On May 4, 1995, Paz was involved in an automobile accident in which she sustained personal injuries necessitating the payment of medical expenses. At the time of the accident, Paz was insured by Fidelity National Insurance Company [Fidelity] for personal injury protection [PIP] benefits.
*808 On October 18, 1995, Paz submitted her medical bills to Fidelity and demanded payment within 30 days pursuant to section 627.736(4)(b), Florida Statutes (1995). Fidelity reviewed these bills and determined that the charges and/or services were either unreasonable or not medically necessary. Fidelity responded by demanding arbitration and/or mediation with the health care providers.
By letter dated December 1, 1995, Paz notified Fidelity and the Florida Department of Insurance of a civil remedy action for bad faith, pursuant to section 624.155, Florida Statutes (1995). According to the affidavit later filed by Fidelity’s representative, the Department of Insurance received this notice on December 13,1995.
On February 12, 1996, Fidelity wrote a letter to Paz confirming full and final settlement for PIP benefits in the amount of $3,772.62 and stating that the settlement draft would follow shortly. Several letters followed regarding the exact amount of unpaid PIP benefits due. On March 6, 1996, Paz finally received a draft for $2,762.86 in full and final settlement for the unpaid PIP benefits.
On March 7, 1996, Paz filed a bad faith action in circuit court. Paz maintained that Fidelity had breached its duty to act fairly and honestly towards its insured by hot attempting to settle her claims in good faith when, under all the circumstances, it could and should have done so. § 624.155(l)(b)l, Fla. Stat. (1995). Further, Paz alleged that Fidelity, as a means of delaying or avoiding payment, routinely demands mediation and arbitration, in cases like this one, where none is available. Paz sought compensatory damages, pre-judgment interest, attorney’s fees, and costs.
Fidelity answered the complaint and asserted several affirmative defenses. Fidelity then moved for summary judgment arguing that no claim for statutory bad faith existed because section 624.155(2)(d) provides, “No action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violation have been corrected.” Fidelity stated that although payment was not physically received until March 6, 1996, it had complied with the requirements of section 624.155(2)(d) because by sending the February 12th letter agreeing to pay the benefits due, it had corrected the circumstances giving rise to the violation. In response to the other allegations of bad faith, Fidelity submitted the affidavit of a former Florida Insurance Commissioner who opined that Fidelity’s request for arbitration and/or mediation complied with the statutory provisions.
On August 2, 1996, Paz moved for partial summary judgment arguing that Fidelity did not timely cure the bad faith because payment was due on the 60th day after the filing of the civil remedy notice, and even if the February 12th letter was deemed to correct the circumstances giving rise to the violation, it was still untimely because February 12th was the 61st day. ■ Paz also argued that mediation or arbitration was unavailable with regard to her PIP claims because she had not assigned her benefits to the medical provider and because Fidelity did not properly comply with Florida law in requesting mediation.
On October 28, 1996, the trial court heard the opposing -motions for summary judgment and granted Fidelity’s motion for summary judgment finding that Fidelity cured any bad faith within 60 days of receipt of Paz’s notice constituting compliance with section 624.155. On March 19, 1997, the trial court entered final summary judgment. Paz’s appeal follows.
Paz contends that the trial court erred, as a matter of law, by granting summary judgment in favor of Fidelity where Fidelity failed to pay the overdue PIP benefits within 60 days of the filing of the civil remedy notice. In addition, Paz also contends that there were still genuine issues of material fact remaining regarding the plaintiffs claims that the defendant routinely uses arbitration or mediation demands to improperly delay the payment of PIP benefits. We agree.
Section 624.155(2)(d), Florida Statutes (1995), provides that “No action shall lie, if within 60 days after filing notice, the damages are paid or the circumstances giving *809 rise to the violation are corrected.” This statute is clear and unambiguous. It provides that if damages are due, they must be paid within 60 days for no civil action remedy to lie, or if some other circumstances exist giving rise to the violation, they must be corrected within 60 days for no civil action remedy to lie. We reject Fidelity’s argument that they corrected the circumstances giving rise to the violation by agreeing to pay the damages due because ascribing such a meaning would render the first portion of the statute requiring damages to be paid within 60 days meaningless. Finlayson v. Broward County, 471 So.2d 67, 68 (Fla. 4th DCA 1985)(“[W]hen interpreting a statute, courts should avoid interpretations which would render part of the statute meaningless.”); Fleischman v. Department of Professional Regulation, 441 So.2d 1121, 1123. (Fla. 3d DCA 1983)(“Every statute, must be read as a whole with meaning ascribed to every portion and due regard given to the semantic and contextual interrelationship between its parts.”), review denied, 461 So.2d 847 (Fla. 1984).
In the instant case, Fidelity did not pay the damages due within 60 days of the filing of the civil remedy notice. Therefore, the trial court erred, as a matter of law, by granting summary judgment on this basis. Additionally, summary judgment was improper where a review of the record shows that there are genuine issues of fact remaining as to the allegations that Fidelity routinely demands mediation and arbitration, as a means of delaying or avoiding payment.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.