729 So.2d 459 (1999)
Daniel A. GRIPPE, Appellant,
v.
FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF FLORIDA LAND SALES, CONDOMINIUMS, and MOBILE HOMES, Appellee.
No. 98-2100.
District Court of Appeal of Florida, Fourth District.
March 17, 1999.
Rehearing Denied May 4, 1999.
Daniel A. Grippe, Pompano Beach, pro se.
Kathryn E. Price, Tallahassee, for appellee.
PER CURIAM.
Daniel A. Grippe, a condominium owner in the Everett Arms No. 5 Condominium, appeals an order of the Department of Business and Professional Regulation, Division of Florida Land Sales, Condominiums, and Mobile homes (Division) in which the Division determined it could not provide Grippe the relief requested under its limited power to issue declaratory statements. § 120.565(1), Fla. Stat. (1997).[1] Grippe's petition did not request interpretation of a statute, rule, or order, but rather requested interpretation of certain language contained in the Everett Arms Condominium Association's Declaration. The Division correctly found it lacked authority to interpret ambiguous provisions of a condominium contract. Peck Plaza Condominium v. Division of Florida Land Sales & Condominiums, Dep't of Bus. Regulation, 371 So.2d 152, 153-54 (Fla. 1st DCA 1979).
Grippe's relief, if any, lies either in the courts, id. at 154, or perhaps in mandatory dispute resolution under the provisions of Chapter 718, Florida Statutes (1997) if he meets specific criteria. See Woodlake Redevelopment Corp. v. Woodlake Condominium Ass'n of Marco Shores, Inc., 671 So.2d 253, 254 (Fla. 2d DCA 1996).
AFFIRMED.
POLEN, and SHAHOOD, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] Section 120.565 provides in pertinent part:

120.565. Declaratory statement by agencies
(1) Any substantially affected person may seek a declaratory statement regarding an agency's opinion as to the applicability of a statutory provision, or of any rule or order of the agency, as it applies to the petitioner's particular set of circumstances.
(2) The petition seeking a declaratory statement shall state with particularity the petitioner's set of circumstances and shall specify the statutory provision, rule, or order that the petitioner believes may apply to the set of circumstances.
§ 120.565, Fla. Stat. (1997) (emphasis supplied).