797 So.2d 15 (2001)
Richard R. LIMEHOUSE, Appellant,
v.
David SMITH and Lynn Forester Smith, husband and wife, Appellees.
No. 4D00-2029.
District Court of Appeal of Florida, Fourth District.
August 8, 2001.
Rehearing Denied October 25, 2001.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, and Jeffrey F. Berlin, West Palm Beach, for appellant.
*16 William P. Gray of Holland & Knight LLP, Orlando, for appellees.
PER CURIAM.
Richard R. Limehouse, the plaintiff below, appeals from an order setting aside a judicial sale of partnership property upon a finding of unilateral mistake. For the following reasons, we reverse the order under review.
Appellant filed suit against appellees, David and Lynn Smith ("Smiths"), for breach of fiduciary duties arising from the parties' oral joint venture agreement to own three pieces of real property in West Palm Beach, Florida, and to share the rental income and profits derived therefrom.
The parties settled their differences that arose from ownership of the properties in a stipulation for final judgment, which provided for an auction of the properties. They agreed to: (1) selection of an auctioneer; (2) the bidding procedure; (3) a minimum acceptable bid of $1,300,000; (4) the time of the auction; (5) equal distribution of the proceeds after payment of costs together with a lien against such proceeds, and (6) the holding in escrow of up to $150,000 by an attorney pending final resolution of the accounting. The court reserved jurisdiction to enforce the stipulation and, if the sale was unsuccessful, to set future terms.
The parties also entered into a memorandum of agreement and prepared a deposit binder agreement for bidders. These documents set up additional terms. The highest bidder would post a deposit of 10% of the purchase price by 4:00 p.m. on the day of the sale. The partners were given a credit bid of $650,000 per partner, which represented each partner's one-half share of the $1,300,000 minimum sales price. The partners, if they were purchasers, were allowed to post a deposit of only 5%, which should incorporate a deduction for the credit bid amount. Bids could be made through a nominee of an undisclosed principal and assigned to a third party without consent of any party.
Six persons attended the auction: David Smith, Richard Limehouse and his attorney, Gene Greeter, a business associate of Mr. Limehouse, and Ann Kazel, a real estate agent. Smith signed the deposit binder and agreement for purchase at the liquidation sale. To retain anonymity as provided by the agreements, Limehouse authorized Ms. Kazel to bid on his behalf at the auction. The initial bid of $1,060,000 was increased five increments up to $1,510,000 by the three bidders, Smith, Kazel, and Greeter. Smith decided to stop bidding at $1,350,000 because he thought it would be more lucrative for him to purchase the property from a third party.
When he discovered that the purchaser was Limehouse, he moved to set aside the sale, arguing that he was disadvantaged because the parties received a deposit of only 5% of the purchase price since the purchaser was a partner, as opposed to the 10% deposit required of a third party. Under this theory, if a third-party purchaser defaulted, the partnership would receive twice as much from the deposit as if a partner defaulted. This provision benefitted Smith and Limehouse equally.
After a hearing on the matter, the trial court found that Limehouse's use of an undisclosed bidder was not fraud but that the Smiths' return was substantially impaired because of David Smith's mistaken belief that the successful bidder was not Limehouse. The court then set aside and rescheduled the auction sale. In its written order, the court stated:
Although it is clear that Mr. Smith would have continued to bid against Ms. Kazel had he known that she was bidding on behalf of Mr. Limehouse, the *17 Court does not find that her actions or the actions of Limehouse constituted fraud in light of the fact that the parties had agreed to allow bids to be made through a nominee of an undisclosed principal and to allow bids to be freely assignable to a third party.
However, courts of equity have discretion to set aside sales based upon a unilateral mistake. Alberts v. Federal Home Loan Mortgage Corporation, 673 So.2d 158 (Fla. 4th DCA 1996). Although the actions of the Plaintiff do not rise to the level of fraud, they certainly contributed to the mistaken belief of Defendants that the successful bidder at auction was not the Plaintiff. As a consequence, the return to the Defendants arising from this auction was substantially impaired. In light of the fact that the main purpose of auction sales is to obtain the best financial returns for the owner of property sold, E.B. Kline v. Fineberg, 481 So.2d 108 (Fla. 3d DCA 1985), it does not seem inappropriate to reschedule this auction allowing both parties the opportunity to obtain the best financial returns possible.
The interpretation of a written contract is a question of law. Gilman Yacht Sales, Inc. v. FMB Inv., Inc., 766 So.2d 294, 296 (Fla. 4th DCA 2000); DEC Elec., Inc., v. Raphael Constr. Corp., 558 So.2d 427, 428 (1990); Royal Oak Landing Homeowner's Ass'n. v. Pelletier, 620 So.2d 786, 788 (Fla. 4th DCA 1993). When a contract is clear and unambiguous, the court is required to enforce the contract according to its plain meaning. BMW of N. Am., Inc. v. Krathen, 471 So.2d 585, 587 (Fla. 4th DCA 1985). A decision construing a contract is reviewable on appeal under a de novo standard of review. See Gilman Yacht Sales, 766 So.2d at 296; Gumberg v. Gumberg, 755 So.2d 710, 712 (Fla. 4th DCA 1999); Sugar Cane Growers Coop. of Fla., Inc. v. Pinnock, 735 So.2d 530, 534-35 (Fla. 4th DCA 1999). See Broward County v. LaPointe, 685 So.2d 889, 892 (Fla. 4th DCA 1996).
A stipulated final judgment is in the nature of a contract. See BMW of N. Am., Inc. v. Krathen, 471 So.2d at 587. As such, it can be set aside on the basis of unilateral mistake. See Orkin Exterminating Co. v. Palm Beach Hotel Condo. Ass'n, Inc., 454 So.2d 697, 699 (Fla. 4th DCA 1984); Maryland Cas. Co. v. Krasnek, 174 So.2d 541, 542-43 (Fla.1965)(unilateral mistake may provide basis for recision of a contract or other equitable relief); Alberts v. Fed. Home Loan Mortgage Corp., 673 So.2d 158 (Fla. 4th DCA 1996)(party relieved of unilateral mistake when mortgagee's agent's misunderstanding of the maximum bid at foreclosure sale resulted in grossly inadequate price); Kline v. Fineberg, 481 So.2d 108 (Fla. 3d DCA 1985)(auctioneer mistakenly closed sale before bidding concluded). However, a party's performance under a contract is not excused on the basis of unilateral mistake when the mistake is the result of the party's own negligence and lack of foresight, or the other party has relied upon his performance so that rescission would be inequitable. See Krathen, 471 So.2d at 588; Krasnek, 174 So.2d at 543; Graham v. Clyde, 61 So.2d 656, 657 (Fla.1952); Florida Ins. Guar. Ass'n., Inc. v. Love, 732 So.2d 456 (Fla. 2d DCA 1999). See also Nordberg v. Green, 638 So.2d 91 (Fla. 3d DCA 1994)(court's equitable power does not extend to reformation of a deed because of a bad business decision); Sulkowski v. Sulkowski, 561 So.2d 416 (Fla. 2d DCA 1990)(trial court erred in setting aside judicial sale based on party's failure to acquaint herself with the requirements thereof).
In this case, both Limehouse and Smith are real estate investors who are charged with the obligation to know the terms of the contract they negotiate and sign. See Jabour v. Calleja, 731 So.2d 792, *18 795 (Fla. 3d DCA 1999). The contractual provisions were negotiated and agreed to by the parties in the stipulated final judgment, the memorandum agreement and the deposit binder. Limehouse decided to observe the contractual right of anonymity of bidding at the auction and to assign his right to a third party. Smith decided that it would be more lucrative for him to close his bidding at $1,350,000, to allow a third party, Kazel, to purchase the property, and to reserve additional funds to negotiate with that party after the sale. The fact that Smith either ignored or overlooked the fact that the third party could have been bidding for Limehouse is not sufficient to relieve him of his performance under the contracts because of unilateral mistake based on his own negligence and lack of foresight. See Cueto v. Mfrs. & Traders Trust Co., 791 So.2d 1125 (Fla. 4th DCA 2000). Accordingly, the order setting aside the judicial sale based on his mistake is reversed.
REVERSED and REMANDED.
FARMER, TAYLOR, JJ., and MAY, MELANIE G., Associate Judge, concur.