CRENSHAW, Judge.
 

 Prestige Valet, Inc. (Prestige) appeals a final order denying its motion to set aside a settlement agreement Prestige entered with Louis J. Mendel (the Prestige-Mendel agreement) and an order enforcing the settlement agreement and awarding Mendel attorney’s fees. We reverse and conclude the trial court erred in requiring Prestige to file a motion to set aside a codefendant’s settlement agreement as a condition precedent to granting the motion to set aside the Prestige-Mendel agreement, because each agreement constituted a separate and distinct contract.
 

 The underlying dispute arose from Prestige’s prior business relationship with co-defendants Mendel, who served as president of Prestige, and Michael D. Malatin. In 1996, while working for Prestige, Mala-tin formed Healthcare Parking Systems, Inc., and he and Mendel entered into a
 
 *283
 
 profit-sharing agreement based on this competing business. In 2001, Prestige’s new president discovered documents implicating Mendel and Malatin in stolen trade name use, payments of the competing company’s expenses, and missing revenue. Prestige subsequently filed suit against Mendel, Malatin, and Healthcare Parking Systems, Inc., seeking $3.2 million for tor-tious interference, conversion and use of Prestige’s business opportunities and trade name “Healthcare Parking,” breach of duties to their employer, and civil conspiracy.
 

 Relying on several misrepresentations made by the defendants, the trial court severely limited discovery.
 
 [1]
 
 Consequently, Prestige was unable to sustain the allegations and entered into an $11,000 settlement agreement with Mendel.
 

 Following the Prestige-Mendel agreement, Malatin’s participation in a federal investigation revealed the defendants’ fraud on the court and misrepresentations that resulted in limited discovery.
 
 [2]
 
 Prestige then entered into an $800,000 settlement agreement with Malatin and Healthcare Parking Systems, Inc. (the Prestige-Malatin agreement), and filed a motion to set aside the Prestige-Mendel agreement because the agreement was based on fraud and misrepresentation.
 

 The court entered an order denying Prestige’s motion to set aside the Prestige-Mendel agreement but providing Prestige with túne to refile the motion in connection with a motion to set aside the Prestige-Malatin agreement. When Prestige failed to do so, the trial court entered a final order enforcing the Prestige-Mendel agreement and an order awarding attorney’s fees to Mendel pursuant to the Prestige-Mendel agreement. This appeal followed.
 

 We conclude that the trial court erred in denying Prestige’s motion to set aside the Prestige-Mendel agreement based upon Prestige’s failure to file a motion to set aside the Prestige-Malatin agreement because each agreement was separate and distinct. This court reviews for an abuse of discretion a ruling on a motion to set aside based on fraud.
 
 Morgan v. Campbell,
 
 816 So.2d 251, 253 (Fla. 2d DCA 2002). Settlement agreements are highly favored by the law and are construed following principles of contract interpretation.
 
 Bateski v. Ransom,
 
 658 So.2d 630, 631 (Fla. 2d DCA 1995). The contracting parties’ intent is determined from within the four corners of the document and construed in accordance with the agreement’s plain meaning.
 
 Barakat v. Broward County Hous. Auth.,
 
 771 So.2d 1193, 1195 (Fla. 4th DCA 2000). “It is never the role of a trial court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bad bargain.”
 
 Id.; see Beach Resort Hotel Corp. v. Wieder;
 
 79 So.2d 659, 663 (Fla.1955) (“It is well settled that courts may not rewrite a contract or interfere with the freedom of contract. ...”).
 

 Here, the trial court misinterpreted the plain language of the Prestige-Mendel
 
 *284
 
 agreement when it linked it to the Prestige-Malatin agreement.
 
 [3]
 
 No provision within the Prestige-Mendel agreement mentions or pertains to the Prestige-Mala-tin agreement. Similarly, the Prestige-Malatin agreement contains no reference to the Prestige-Mendel agreement. Thus, the trial court essentially rewrote the Prestige-Mendel agreement when it required Prestige to refile its motion in connection with a motion to set aside the separate agreement. The plain language of the Prestige-Mendel agreement fails to demonstrate any relation to the Prestige-Malatin agreement, and we therefore find the trial court abused its discretion when it treated the agreements as related.
 

 Accordingly, we reverse the trial court’s order denying Prestige’s motion to set aside the Prestige-Mendel agreement and the order awarding Mendel attorney’s fees. We remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 ALTENBERND and SILBERMAN, JJ., Concur.
 

 [1]
 

 . This court also relied on the defendants' misrepresentations when it denied Prestige's petition for writ of certiorari contesting the limited discovery.
 
 Prestige Valet, Inc.
 
 v.
 
 Malatin, 2D
 
 05-1431 (Fla. 2d DCA Jun. 14, 2005) (unpublished order). The defendants' misrepresentations included statements under oath denying the parties' noncompete agreements with Prestige and asserting that Malatin's payments to Mendel were loan repayments.
 

 [2]
 

 . Notably, counsel in the present proceeding for Mendel, Malatin, and Healthcare Parking Systems, Inc., were not involved in the proceedings giving rise to the allegations of misrepresentation and fraud upon the court.
 

 [3]
 

 . In this proceeding, Mendel referred to the trial court's decision as ''unorthodox'' and did not contest Prestige's argument that the settlement agreements were two separate and distinct contracts.