NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EAGLE FL VI SPE, LLC, a North
Carolina limited liability company, as
successor by assignment to Branch
Banking and Trust Company, a North
Carolina banking corporation, as
successor-in-interest to Colonial Bank
by asset acquisition from the FDIC as
Receiver for Colonial Bank,

        Appellant,

v.

T&A FAMILY PARTNERSHIP, LTD.,
a Florida limited partnership;
CRF-MAITLAND, LLC, a Florida limited
liability company; LAWRENCE T.
MAXWELL, individually; WILLIAM D.
DROST, individually; and DEER
CREEK COMMERCIAL NORTH
OWNERS' ASSOCIATION, INC., a
Florida corporation,

        Appellees.

Case No. 2D14-870

Opinion filed October 30, 2015.

Appeal from the Circuit Court for Polk
County; J. Dale Durrance, Judge.

Christopher D. Donovan of Roetzel &
Andress, LPA, Naples, and W. Glenn
Jensen, and Mychal J. Katz of Roetzel &
Andress, LPA, Orlando, for Appellant.

Alan L. Perez and Thomas C. Saunders of
Saunders Law Group, Bartow, for Appellee
T & A Family Partnership, Ltd., a Florida
limited partnership.

No appearance for remaining Appellees.

KHOUZAM, Judge.

This appeal arises from three commercial foreclosure and deficiency actions, consolidated below because the loans had the same guarantors—T&A Family Partnership, William D. Drost, and Lawrence T. Maxwell. The Partnership and Drost stipulated to foreclosure judgments with Branch Banking and Trust Company (BB&T) and later stipulated to deficiency judgments with Eagle FL VI SPE, LLC, as assignee of BB&T's foreclosure judgments.

Maxwell, on the other hand, challenged Eagle's motions for deficiency judgments, arguing that Eagle lacked standing to enforce his guaranties. The trial court agreed and denied Eagle's motions for deficiency judgment in all three cases. This court per curiam affirmed. See Eagle FL VI SPE, LLC v. Maxwell, 104 So. 3d 1095 (Fla. 2d DCA 2012) (table decision); Eagle FL VI SPE, LLC v. Maxwell, 105 So. 3d 530 (Fla. 2d DCA 2013) (table decision) (the Maxwell appeals).

After Maxwell successfully challenged Eagle's standing, the Partnership and Drost sought to set aside their stipulations for deficiency judgments, arguing that they were laboring under a mistake of fact at the time they entered into the stipulations because they believed that Eagle had standing to pursue deficiency judgments against them. The Partnership and Drost sought discovery, but Eagle and BB&T successfully challenged it and no discovery was conducted. See Eagle FL VI SPE, LLC v. Cypress

Creek Plaza, LLC, 128 So. 3d 950 (Fla. 2d DCA 2013) (granting Eagle and BB&T's petition for writ of certiorari and quashing the circuit court's order that had denied Eagle and BB&T's motion for protective order and compelled discovery). The circuit court set aside the stipulations for entry of deficiency judgments and entered final judgments for the Partnership and Drost. This appeal challenges the set-aside order and final judgment as to the Partnership only. Because the Partnership has not shown good cause to set aside the stipulations, we reverse both the set-aside order and the final judgment. On remand, the trial court shall enforce the settlement agreement as well as the stipulations and enter deficiency judgments in favor of Eagle in all three of the cases consolidated below.

## I.    STANDARD OF REVIEW

Generally, we review the trial court's decision on a motion to set aside a settlement agreement for an abuse of discretion. See Prestige Valet, Inc. v. Mendel, 14 So. 3d 282, 283 (Fla. 2d DCA 2009). But where the trial court's decision is purely one of law, we review it de novo. See Casteel v. Maddalena, 109 So. 3d 1252, 1255 (Fla. 2d DCA 2013). Moreover, in cases like this one "[w]here a trial court rules on the basis of a written record and not on testimony requiring credibility determinations, the appellate court has before it everything the trial court reviewed, and we have the same opportunity to weigh it as the trial court did." Town of Jupiter v. Alexander, 747 So. 2d 395, 399 (Fla. 4th DCA 1998).

## II.    MISTAKE OF FACT

Eagle argues that the trial court erred in vacating the stipulations because the Partnership failed to show a mistake of fact. We agree. Settlement agreements are contracts. See Point Mgmt., Inc. v. Dep't of Bus. Regulation, Div. of Fla. Land Sales &

- 3 -

Condos., 449 So. 2d 306, 307 (Fla. 4th DCA 1984).  Therefore, "[s]ettlements are construed in accordance with the rules for interpretation of contracts."  Feldman v. Kritch, 824 So. 2d 274, 277 (Fla. 4th DCA 2002).  "When the parties entered into the settlement agreement, their rights and duties merged into that agreement and its provisions became binding on the parties and the trial court."  M&C Assocs. v. State, Dep't of Transp., 682 So. 2d 640, 640 (Fla. 2d DCA 1996).

"In order to obtain relief from a stipulation, a party must make a reasonable motion to withdraw the stipulation supported by an affidavit showing good cause."  Henrion v. New Era Realty IV, Inc., 586 So. 2d 1295, 1298 (Fla. 4th DCA 1991).  Relief is not warranted "where it appears that the stipulation was voluntarily undertaken and there is no indication that the agreement was obtained by fraud, misrepresentation, or mistake of fact."  Id.

> [T]he general rule is that a party will be relieved from a
> stipulation entered into under a mistake as to a material fact,
> if there has been reasonable diligence exercised to ascertain
> such fact.  On the other hand, if a party enters into an
> agreement, not as a result of a mistake of fact, but merely
> due to a lack of *full* knowledge of the facts, caused by the
> party's failure to exercise due diligence to ascertain them,
> there is no proper ground for relief.

Fawaz v. Fla. Polymers, 622 So. 2d 492, 496 (Fla. 1st DCA 1993).[1]

In other words, a stipulated final judgment may be set aside based on a mistake but not "when the mistake is the result of the party's own negligence and lack of foresight."  Limehouse v. Smith, 797 So. 2d 15, 17 (Fla. 4th DCA 2001).  Indeed, "[i]t is

---

[1]The First District receded from Fawaz in Eastern Airlines v. Griffin, 654 So. 2d 1194, 1196 (Fla. 1st DCA 1995), but only to the extent that the Fawaz decision limited judges of workers' compensation claims in granting relief from stipulations.  As this is not a workers' compensation case, Eastern Airlines does not apply here.

- 4 -

never the role of the trial court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bad bargain." Feldman, 824 So. 2d at 277; see also Smiles v. Young, 271 So. 2d 798, 802-03 (Fla. 3d DCA 1973) (explaining that Florida Rule of Civil Procedure 1.540(b), which provides for relief from judgments based on mistake, "does not have as its purpose or intent the reopening of lawsuits to allow parties to state new claims or offer new evidence omitted by oversight or inadvertence. Nor does the rule allow a party to avoid the consequences of a decision to settle litigation even if the party regards the settlement as 'bad' in retrospect." (citations omitted)).

Where a case has been settled in mediation, the court should be particularly cautious about setting aside the settlement agreement based on a mistake. See Sponga v. Warro, 698 So. 2d 621, 625 (Fla. 5th DCA 1997). This is because mediation is an alternative dispute resolution device, and the parties must be able to rely on the finality of the agreement reached. See id. "The decision to engage in mediation and to settle at mediation means that remedies and options otherwise available through the judicial system are foregone." Id.

Here, the Partnership entered into the settlement agreement and stipulations after two days of mediation. But after Maxwell successfully challenged Eagle's standing, the Partnership sought to set aside the stipulations. The Partnership argued that it was laboring under a mistake of fact at the time it entered the stipulations because it believed that Eagle had standing to pursue deficiency judgments. In support of its motion, the Partnership filed the affidavits of Robert L. Madden and William D. Drost. Madden stated that, "[a]t the time of the preparation and filing of the Stipulation,

the Partnership was under the mistaken belief of fact with regard to the rights possessed by the Plaintiff relative to the entry of a deficiency judgment against it. . . . But for the mistakes of fact as set forth above, the Partnership would not have entered into the Stipulation."  Drost also stated on behalf of the Partnership that:

> At all times material to the preparation of the Stipulation, T&A Family Partnership, Ltd. was under the mistaken belief that Eagle had standing to enforce the guaranty documents which allegedly form the basis for Eagle's pursuit of the Court's entry of a final judgment of deficiency against it.  In fact, at the time of each mediation and of the execution of the Stipulations, Eagle <u>did not</u> have any standing to enforce any of the guaranty agreements it sought to enforce in its pursuit of deficiency judgments against T&A Family Partnership, Ltd. . . .
>
> But for the mistake as set forth above, T&A Family Partnership, Ltd. would not have entered into the Stipulation.  At all times material to the execution of the Stipulation, T&A Family Partnership, Ltd. was under a mistaken impression with regard to the bundle of rights actually acquired, and those which were *not* acquired, by Eagle as a result of the assignment of the *in rem* Final Judgments of Foreclosure.  Eagle did not acquire any right to pursue a deficiency final judgment against T&A Family Partnership, Ltd. and therefore did not have any standing to pursue the relief it requested.  Further, it was and remains apparent that Eagle was under the same mistaken belief that it had standing to pursue final deficiency judgments against T&A Family Partnership, Ltd. in the[se] cases . . . .

Though these affidavits characterize the Partnership's belief that Eagle had standing to pursue a deficiency judgment as a mistake of fact, the legal effect of the assignment was a question of law.  The affidavits only contain legal conclusions, which are insufficient to support setting aside the stipulations.  See <u>C.E. Peters Landclearing, Inc. v. Gossington</u>, 487 So. 2d 319, 320 (Fla. 4th DCA 1986); <u>see also</u> <u>Heitmeyer v. Sasser</u>, 664 So. 2d 358, 360 (Fla. 4th DCA 1995) (determining that affidavits containing

general statements framed in terms of conclusions of law are insufficient to raise a genuine issue of material fact).

The Partnership had the relevant facts available to it at the time it entered into the settlement agreement and stipulations and chose not to pursue a claim that Eagle lacked standing. See Limehouse, 797 So. 2d at 17-18. The record shows that the Partnership entered into these agreements after seeking discovery of information about Eagle's standing. Eagle responded that it had standing based on the assignment, and the Partnership did not dispute this response. The Partnership also failed to object to the substitution of Eagle for BB&T as party plaintiff after the assignment. The settlement agreement and stipulations were entered into after the parties had participated in two days of mediation, and the settlement agreement explicitly states that it was entered into voluntarily after a full and independent investigation and without duress:

> The parties hereto represent and warrant that they have entered into this Agreement voluntarily after due deliberation and negotiation, and after consultation with an attorney. The parties further represent that they and their counsel have made a full and independent investigation of all of the facts and representations relating to this Agreement, and state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character by another party, or on the part of their agents, attorneys, servants or representatives.

The mediated settlement agreement and stipulations cannot be set aside simply because they turned out to be a bad bargain for the Partnership—"A stipulation cannot be 'impeached or swept aside' merely by the 'bald statement' of a party desiring to renege." Dortch v. State, 137 So. 3d 1173, 1176 (Fla. 1st DCA 2014) (quoting State ex rel. Alfred E. Destin Co. v. Heffernan, 47 So. 2d 15, 17 (Fla. 1950)).

- 7 -

Accordingly, we conclude that the trial court abused its discretion by setting aside the stipulations and entering summary judgment in favor of the Partnership based on the finding that there was a mistake of fact as to Eagle's standing.  We reverse and remand for the court to enforce the settlement agreement as well as the stipulations and enter deficiency judgments in favor of Eagle in the three cases consolidated below.

III.    THE MAXWELL APPEALS

Eagle also argues that the trial court erred in vacating the stipulations and granting summary judgment in the Partnership's favor based on the Maxwell appeals. This issue is moot, as we have already determined that the court erred in setting aside the stipulations and granting summary judgment in favor of the Partnership based on a finding that there was a mistake of fact.

Reversed and remanded with directions.

NORTHCUTT and BADALAMENTI, JJ., Concur.