PER CURIAM.
This is an appeal of a State Retirement Director’s final order that required appellant Palm Beach Community College to enroll several of its employees in the Florida Retirement System (FRS).
Appellee, the Division of Retirement of the State of Florida, directed appellant to enroll the employees because the positions filled by these employees had existed for a period longer than four consecutive months. Appellant disagreed. After several months, appellee, in a letter signed by A.J. McMullian, III, State Retirement Director, and the person who ultimately ruled on this case, notified appellant that the Division would not alter its decision and therefore it would be necessary for appellant to file a formal petition for review of the final agency action. Pursuant to this letter, appellant requested an administrative hearing. Eventually, appellee filed a motion to relinquish jurisdiction from the Division of Administrative Hearings to the Department of Administration, Division of Retirement for proceedings pursuant to section 120.57(2), Florida Statutes (1989). The reason for the request was that the parties had no dispute about the material facts. They then entered into an agreement which contained the stipulated facts and the issue that the Director would use to decide the case.
The parties stipulated that:
There is a dispute between the parties as to the interpretation of Rule 22B-1.-0Q4(5)(e). The Division asserts the positions referenced above do not meet the exception listed in subparagraph (5)(e) thereby mandating enrollment in the Florida Retirement System once a Temporary Position exceeds four months. The College asserts the temporary status continues beyond four months when the position is similar, although not identical, to those listed in 22B-1.004(5)(e), thereby prohibiting enrollment in the Florida Retirement System.
The parties stipulated that the issue was:
Whether an employee working in a position similar, although not identical, to those positions listed in 22B-1.004(5)(e) is required to be enrolled in the Florida Retirement System when the length of their employment exceeds four months.
The case went before Director and his order reiterates the stipulated facts and issue. He ruled against appellant, finding *302 that there was no evidence to support appellant’s contention that the employees were not employed for longer than four consecutive months, rather, the evidence established that these employees were in “regular established positions.” This appeal followed.
Appellant argues that the evidence in the case is that the employees in question qualified as consultants or independent contractors as those terms are defined in the Florida Administrative Code (F.A.C.). It contends that the evidence is contained in the stipulated facts submitted by the parties and that the only evidence the director could base his findings on was the evidence contained in the stipulated facts. Appellant also argues that the director concentrated on the length of employment rather than on the rule and that if the length of employment is to be the sole consideration rather than the rule, the rule should be changed through proper legislation to give those affected by the change time to change their hiring practices and budgeting responsibilities.
Appellee responds that the order is supported by competent evidence. It contends that there was no evidence, stipulated or otherwise, that the duties of the seven employees in question fit one of the exceptions to the rule that they be enrolled in the FRA. Appellee disagrees that the director rejected or modified any of the stipulated facts.
The Director accepted the parties’ issue as the issue before him. Therefore his task was to determine whether the rule in question requires an employer to enroll employees working in positions “similar, although not identical, to those listed in F.A.C. 22B-1.004(5)(e) when the length of their employment exceeds four months.” However, the Director did not rule on this issue. He found that each of the employees should have been enrolled in the retirement program.
The Director relied on Rule 22B-1.-004(l)(a), (4), (4)(b), and (4)(e) of the Florida Administrative Code.[1] The Director did not consider Rule 22B-1.004(5), the Rule pertaining to temporary employees and from which the issue in the case was taken. That rule states that the list of positions named within the rule “is not a complete list of temporary positions and should be used only as a guide, along with the definitions above, in determining if an individual is filling a temporary position.” This is the wording the Director was to interpret in conjunction with the wording in subsection (5)(b)l and 2 which defines the term “temporary position” with respect to a local agency. It states that a temporary position is one which will not exist beyond four consecutive months; OR “An employment position which is listed below in (e) regardless of whether it will exist beyond four consecutive months.” (Emphasis added).
Apparently appellee interpreted the words “listed below in (e)” literally, that is that the only positions which fit the exception are those specifically listed in (e), ignoring the language in (e) stating that the list was not a complete list and should be used as a guide. Therefore, appellee’s position was that only the specific positions mentioned in (e) qualified under exception 2 of (5)(b) and could exist beyond four months. Positions similar to those in (e) ceased being exceptions once they existed beyond four months. Based on our reading of the two sections, we agree with appellant that the two sections must be read together and that employees filling positions similar to those described in (e) are not eligible for membership in FRS even when those positions exist beyond four months. Any other reading of the two sections renders the statement that the list is not complete and is only intended to be a guide meaningless.
When the parties agree that a case is to be tried upon stipulated facts, the stipulation is binding not only upon the parties but also upon the trial and reviewing courts. In addition, no other or different facts will be presumed to exist. Lopez v. Dublin Company, 489 So.2d 805, 807 (Fla. 3d DCA 1986).
*303 The parties stipulated that three of the employees were employed in temporary positions similar but not identical to an independent contractor as that term is defined in Rule 22B-6.001(15), which refers to Rule 22B-1.004(5)(e)6, which defines “Persons on Call.” The parties stipulated that one employee was employed in a temporary position similar but not identical to the exception described in subsection (5)(e)9 of Rule 22B-1.004 and that three other employees were employed in positions similar but not identical to the exception described in subsection (5)(e)l of the same rule. The Director did not interpret these two subsections and rule based on his interpretation of the subsections. Instead he went beyond the stipulated facts and made findings of fact. In particular, he found that appellant had failed to prove the employees fit within the exceptions.
Because the Director based his ruling on matters beyond the stipulated facts and did not rule on the stipulated issue, we reverse and remand for him to only consider the stipulations. If, for any reason, the Director cannot accept the stipulations, appellant may seek an administration hearing.
REVERSED AND REMANDED.
GLICKSTEIN, STONE and GARRETT, JJ., concur.

. Some of the sections of the rule have been renumbered by the Division of Retirement.