PER CURIAM.
The following appears from the Pre-trial Stipulation executed and filed with the lower court on January 14, 1988.
1. FACTS OF THE CASE
In April, 1982, Plaintiffs/Appellants, JOSEPH M. HENRION and LOIS L. HEN-RION, his wife, entered into a listing agreement with Defendant/ Appellee, NEW ERA REALTY IV, INC., a Florida corporation, for the sale of their building at 817 North Dixie Highway, Lake Worth, Florida. The purpose of the sale was to provide as close as possible to $50,000.00 for a down payment on the purchase (price approximately $186,000.00) of an insurance company by Plaintiffs, and their corporation A.W. NORDMAN & J.M. HENRION, INC., a Plaintiff, sub judice.
On June 9, 1982, Plaintiffs and Defendant, NEW ERA REALTY IV, INC., associated JIM GRAHAM and JIM GRAHAM, INC., as an auctioneer, to conduct an auction sale of the property scheduled on July 24, 1982.
Defendant, NEW ERA REALTY IV, INC., through its agent, Dianne Purcell, provided the listing information to JIM GRAHAM, INC./s office. The property was then listed and advertised for the auction sale which was held on July 24, 1982. Defendants, SHOOK and GREENWAY, made the highest bid of $70,500.00 and deposited $7,050.00 with JIM GRAHAM, *1296 INC., as the broker. Closing was set on August 30, 1982.
Prior to closing, Defendants, SHOOK and GREENWAY, determined the size of the office was not 1,760 square feet as advertised but was actually 1,200 square feet. Because of the alleged material misrepresentation within the sales literature, they refused to close and demanded return of their deposit monies.
Plaintiffs attempted to quickly sell their property through other sources without success, and were unable to meet their $50,000.00 downpayment commitment to purchase the insurance agency business. Subsequently, the sellers of the Insurance Agency terminated the agreements and sold to unrelated third parties.
2. STATEMENT OF THE CASE
Plaintiffs’ Third Amended Complaint contains three counts. Only count III is at issue which is professional negligence of the real estate broker, NEW ERA REALTY IV, INC.
General damages, lost profits and lost corporate stock value of the Plaintiff, A.W. NORDMAN and J.M. HENRION, INC., are specially pled.
Defendant’s NEW ERA REALTY IV, INC., affirmative defenses are:
I. Estoppel. Because defendant relied on information plaintiff provided to defendant;
II. Plaintiffs Comparative Negligence;
III. Plaintiffs failure to mitigate damages.
Plaintiffs have settled with defendants JIM GRAHAM, individually, and JIM GRAHAM, INC. The claims between them have been dismissed by Joint Notice of Dismissal served December 4, 1987.
The court has entered default against third party defendant, HEAVENER-OGIER SERVICES, INC., for failure to respond to discovery.
3. AGREED LAW OR STIPULATED FACTS
A.JOSEPH M. HENRION and LOIS L. HENRION, his wife, entered into the Exclusive Right of Sale Agreement with NEW ERA REALTY IV, INC., on April 22, 1982.
B. Dianne Purcell executed the Listing Agreement and was an authorized agent of NEW ERA REALTY, IV, INC. at all times material hereto.
C. JIM GRAHAM, INC. held the auction sale of the HENRION property on July 24, 1987.
D. JIM GRAHAM, INC. was cooperating broker and NEW ERA REALTY IV, INC. was listing broker.
E. Mr. HENRION advised agents and officers of NEW ERA REALTY IV, INC. at the time of executing the auction and listing agreement and prior to the auction of the property that his intended use of the sale proceeds was to purchase another business.
F. AMERICAN PIONEER CASUALTY INSURANCE COMPANY policy of errors and Omissions Insurance for the period April 15, 1982 through April 15, 1983, in the face amount of $1,000,000.00, insures any loss incurred by the claim of Plaintiffs against Defendant, NEW ERA REALTY IV, INC.
G. At all times material to this controversy, Realtor Ethics Rule 16.05, Knowledge of Property Offered, provided as follows:
“16.05 Knowledge of property offered. Before attempting to make a sale the broker of salesman should inform himself fully about the property in order to better show its value and to avoid false or reckless representations concerning it. He should know where it is located, what type of property is near it, its proximity to transportation and business, and any other local conditions that make it suitable or unsuitable for proposed uses. He should know the sales price of other property similarly situated if it has been recently sold, and while he is not supposed to express an opinion about the title he should know the amount and *1297 character of liens against it and whether taxes and assessments will have any impact on it. He should be informed of the age, original cost, and condition of repair of buildings on the property and should be aware of the bad points about the property as well as the good. If the property is income-producing, he should know the facts surrounding its production and potential. In this manner the broker and salesman will be better able to provide a needed service to the public and maintain a high level of responsibility.”
4. ISSUES OF LAW OR FACT FOR TRIAL DETERMINATION
A. Whether NEW ERA REALTY IV, INC. negligently breached its Listing Contract with Plaintiffs;
B. Whether NEW ERA REALTY IV, INC. negligently performed its Listing Contract with Plaintiffs;
C. The amount of damages suffered by Plaintiffs;
D. Are Plaintiffs estopped to make their claims;
E. Whether any Plaintiffs were “comparatively negligent”;
F. Whether Plaintiffs failed to mitigate their damages;
G. Custom & Usage in the Real Estate Business.
Commencing late February, 1988, a jury trial was held. The parties submitted jury instructions consistent with their pretrial stipulation, trying the case on a negligence theory and negligence related defenses. On March 4, 1988, a verdict was rendered in which the jury found that there was negligence on the part of the Defendants that served as a legal cause of damage incurred by the Plaintiffs, and apportioned the negligence 70% to the Plaintiffs and 30% to the Defendants. Total damages were awarded in the sum of $345,000.00.
Subsequent to the rendition of the verdict, the Defendant/Appellee New Era Realty IV moved for a new trial, or in the alternative, Entry of Judgment Notwithstanding the Verdict, asserting that the Plaintiffs had failed to prove any written contract or oral contract upon which any damages could be based, or, alternatively, that the damages attempted to be proved by the Plaintiffs were so speculative in nature that a jury could not return a verdict with any degree of accuracy.
Subsequent to the filing of that motion, the Defendants orally argued another ground to seek relief from the jury verdict, and asserted, for the first time, that the damages complained of could not be recovered in a tort action, relying upon AFM Corp. v. Southern Bell Telephone and Telegraph, 515 So.2d 180 (Fla.1987), a decision published and reported prior to the pretrial stipulation, and prior to the trial of this case.
After deliberation, the trial court granted the Motion for New Trial, permitted the Plaintiffs to amend'their pleadings to assert a contract cause of action, and then dismissed the amended complaint on motion, finding that the complaint failed to state a cause of action for breach of contract as a matter of law, because the contract did not include the specific obligations allegedly breached by the Defendants. Defendant/Appellee American Pioneer, New Era’s insurer, was also the recipient of an order granting a Motion to Dismiss with Prejudice, on the ground that the. insurance policy issued by American Pioneer in favor of New Era did not cover a breach of contract claim.
It is curious that all parties appear to complain of the procedure adopted by the trial court. The Plaintiffs/Appellants complain of the order granting the post verdict new trial motion, at which time the trial court ruled that the case should have been tried on a contract theory notwithstanding the stipulations entered into by the parties through their attorneys. The Defendants/Appellees complaint that the trial court should not have permitted the Plaintiffs to amend their pleadings subsequent *1298 to the rendition of the verdict. Neither party has specifically asserted these complaints through a separate point on appeal.
This panel is particularly disturbed by this procedure; by pretrial stipulations being abandoned post verdict, and by parties being given a second jury trial after the rendition of a verdict. While well intentioned, the procedure employed by the lower court directly violates the dictates of Arky, Freed, et al. v. Bowmar, 587 So.2d 561 (Fla.1988). As in Arky, Freed, in this case, the Defendants were relieved of an adverse jury verdict by raising defenses that were not pled, were not raised in their pretrial stipulation, and were inconsistent with the defenses and theories tried by the express written stipulation of the parties through their counsel. By granting the Motion for New Trial, the trial court improperly relieved the parties of those stipulations.
In order to obtain relief from a stipulation, a party must make a reasonable motion to withdraw the stipulation supported by an affidavit showing good cause. No relief will be given where it appears that the stipulation was voluntarily undertaken and there is no indication that the agreement was obtained by fraud, misrepresentation, or mistake of fact. Curr v. Helene Transportation Corporation, 287 So.2d 695 (Fla. 3d DCA 1973); Gunn Plumbing Inc. v. Dania Bank, 252 So.2d 1 (Fla.1971). In this case, no such motion was made nor was their any suggestion of any improper conduct on the part of the Plaintiffs/Appellants such that the Defendants/Appellees should be relieved of their stipulation that the case be tried on negligence/tort theories of liability and defense.
For the above and foregoing reasons, the orders of the lower court granting the Motion for New Trial and allowing further amendment of the pleadings are hereby reversed, and this cause is remanded to the trial court for the entry of Final Judgment in accordance with the verdict rendered March 4, 1988.
GLICKSTEIN, C.J., FARMER, J., and STREITFELD, JEFFREY E. Associate Judge, concur.