ROTHENBERG, J.
The plaintiff, LPI/Key West Associates, Ltd. (“Landlord”), appeals from a final judgment. We reverse and remand for entry of a final judgment consistent with this opinion.
The Landlord filed an action against Beachcomber Jewelers, Inc. (“Beachcomber”), and Tim Greene (“Greene”) (collectively, “the Defendants”), alleging Beachcomber breached a lease agreement and Greene is personally liable pursuant to a guaranty agreement. Paragraph 10 of the amended complaint alleges that in July 2003, Beachcomber amended the lease (“2003-2008 Lease Amendment”), extending the existing lease term for an additional five years — July 1, 2003 to June 30, 2008, and in Paragraph 11, alleges Beachcomber defaulted by failing to pay rent due under the 2003-2008 Lease Amendment.
In their answer, the Defendants admitted Paragraph 10, denied Paragraph 11, and asserted as an affirmative defense that the “alleged leases and assignment were modified by the parties to terminate prior to the tenant moving out of the premises and prior to any outstanding rent being due to the Plaintiff.” The Landlord denied this defense. Thus, the Defendants admitted to extending the lease to June 30, 2008, denied they defaulted, and contended the 2003-2008 Lease Amendment was subsequently modified to terminate in 2007.
The trial court issued an order setting the cause for trial, and directing the parties to schedule a pretrial conference in accordance with Florida Rule of Civil Procedure 1.200, and ordering the parties to file a joint pretrial stipulation five days before the pretrial conference that contains “a concise statement of those facts that are admitted and will require no proof at trial” and a “concise statement of those issues of fact on which there is disagreement, that remain to be litigated.” The pretrial order also provided that: “FAILURE TO DISCLOSE OBJECTIONS IN THE PRE-TRIAL STIPULATION AS TO EXHIBITS WILL CONSTITUTE A WAIVER OF SUCH UNDISCLOSED OBJECTIONS AT TRIAL.’’
*854 As directed, the parties’ counsels executed a pretrial stipulation, attaching the 2003-2008 Lease Amendment as one of the exhibits. In the pretrial stipulation, the parties admitted that “[i]n July 2003, Beachcomber and Tim Green [sic], as tenant and guarantor, extended the Lease Agreement through June 30, 2008,” and that Beachcomber vacated the leased premises in July 2007. The parties notified the trial court that the disputed issue was as follows: “Defendants contend that Beachcomber’s lease of the subject premises expired on June 30, 2007. Plaintiff disputes that contention.” The trial court accepted the pretrial stipulation, and prior to trial, there was no indication that the Defendants would raise any objection to the validity of the 2003-2008 Lease Amendment or the stipulated facts.
At the commencement of the bench trial, defense counsel informed the trial court that it was challenging the validity of the 2003-2008 Lease Amendment and the accuracy of the pretrial stipulation admitting that the lease term had been extended through June 30, 2008. Over the Landlord’s objection, the trial court reserved ruling and allowed the Defendants to present evidence in support of their contention.
The Landlord’s representative testified that Greene executed the 2003-2008 Lease Amendment, and thereafter, the parties did not enter into any sort of agreement, written or oral, modifying the lease to terminate prior to June 30, 2008. The Landlord’s representative additionally testified as to its damages, including unpaid rent through June 30, 2008, and interest, totaling over $230,000.
In contrast to his pleadings, deposition testimony, and pretrial stipulation, Greene testified that his signature on the 2003-2008 Lease Amendment was forged. Although Greene denied executing the 2003-2008 Lease Amendment, he testified that the parties executed a written agreement extending the lease termination date to June 30, 2007. Greene, however, was not able to produce a copy of this purported agreement.
As instructed by the trial court, the parties submitted written closing arguments. Thereafter, the trial court entered a final judgment setting aside the pretrial stipulation and finding that the Landlord failed to prove that the parties enter into the 2003-2008 Lease Amendment, Beachcomber failed to prove that the parties extended the lease in 2003 to June 30, 2007, and Beachcomber occupied the premises as a month-to-month tenant. The trial court awarded the Landlord $12,878, representing unpaid rent for April, May, and June of 2007, minus Beachcomber’s security deposit, plus interest. The Landlord’s appeal followed.
In appealing the final judgment, the Landlord contends that the trial court erred by setting aside the pretrial stipulation, thereby not binding the Defendants to their admissions both in their pleadings and in the pretrial stipulation that Beachcomber, as tenant, and Greene, as guarantor, extended the lease agreement to June 30, 2008. We agree.
Florida Rule of Civil Procedure 1.200(b), titled “Pretrial Conference,” provides that a trial court may “require the parties to appear for a conference to consider and determine: (1) the simplification of the issues; [and] ... (3) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof[.]” A pretrial stipulation limiting the issues to be tried is “binding upon the parties and the court, and should be strictly enforced.” Broche v. Cohn, 987 So.2d 124, 127 (Fla. 4th DCA 2008) (quoting Lotspeich Co. v. Neogard Corp., 416 So.2d 1163, 1165 (Fla. 3d DCA 1982)); see also Spitzer v. Bartlett *855 Bros. Roofing, 437 So.2d 758, 760 (Fla. 1st DCA 1983) (noting that “[i]t is the policy of the law to encourage and uphold stipulations in order to minimize litigation and expedite the resolution of disputes”). A party, however, may seek relief from a pretrial stipulation by making a reasonable motion to withdraw the stipulation supported by a showing of good cause. Henrion v. New Era Realty IV, Inc., 586 So.2d 1295, 1298 (Fla. 4th DCA 1991). A trial court should not grant relief “where it appears that the stipulation was voluntarily undertaken and there is no indication that the agreement was obtained by fraud, misrepresentation, or mistake of fact.” Id.
In the instant case, defense counsel did not seek relief from the key factual admission in the pretrial stipulation until trial commenced, which was more than a year after the pretrial stipulation was executed. And, in seeking relief, defense counsel merely stated that he felt pressured into executing the pretrial stipulation. Additionally, he failed to support his assertion with facts that the Landlord’s counsel had improperly pressured him into executing the pretrial stipulation, or to explain why he took no action to amend or withdraw the pretrial stipulation until trial commenced. More importantly, in answering the amended complaint, the Defendants admitted to the Landlord’s allegation that Greene, on behalf of Beachcomber, executed the 2003-2008 Lease Amendment, which was consistent with the Defendants’ key admission in the pretrial stipulation. We therefore conclude that the trial court erred by setting aside the pretrial stipulation.
There is no doubt that the trial court’s ruling prejudiced the Landlord. Based on the pleadings and the pretrial stipulation, the Landlord believed the primary issue at trial would be whether the 2003-2008 Lease Amendment subsequently was modified, changing the termination date from June 30, 2008, to June 30, 2007, not whether Greene’s signature on the 2003-2008 Lease Amendment was forged. The Defendants’ change of position clearly, and materially, affected the Landlord’s preparation and trial strategy.
Lastly, we conclude that the trial court’s finding that Beachcomber occupied the property as a month-to-month tenant after June 2003 was not supported by the evidence, and was in direct conflict with the Defendants’ answer to the amended complaint, the Defendants’ admission in the pretrial stipulation, and Greene’s trial testimony that the parties did not execute the 2003-2008 Lease Amendment but instead executed an agreement extending the lease term to June 30, 2007. Accordingly, we reverse the order under review and remand with instructions to enter a final judgment in favor of the Landlord awarding damages based on a finding that the lease terminated on June 30, 2008.
Reversed and remanded with instructions.