IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PINELLAS COUNTY, A
POLITICAL SUBDIVISION OF
THE STATE OF FLORIDA,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

     Appellant,

V.

CASE NO. 1D14-4187

FLORIDA DEPARTMENT OF
JUVENILE JUSTICE,

     Appellee.

_____/

Opinion filed February 18, 2016.

An appeal from an order from the Department of Juvenile Justice.
Christina K. Daly, Interim Secretary.

Nancy Meyer, and Carl E. Brody, Clearwater, for Appellant.

John Milla, Tallahassee, for Appellee.

**On Motion For Clarification And Rehearing**

KELSEY, J.

     We grant Appellant's Motion for Clarification and Rehearing, withdraw our previous opinion, and substitute the following opinion quashing footnote 1 in the Department's Final Order On Remand.

This case is one of many now pending before this Court, with more in the pipeline, between the Department of Juvenile Justice ("Department") and certain of Florida's non-fiscally-constrained counties. The issues relate to allocating between the State and counties the costs of secure juvenile detention care as required by section 985.686 of the Florida Statutes. The statute requires the counties to pay in advance their respective shares of the estimated costs of such detention, based on previous use; and requires that "[a]ny difference between the estimated costs and actual costs shall be reconciled at the end of the state fiscal year." § 985.686(5), Fla. Stat. (2008).

At all times pertinent to this class of litigation, and continuing today, the Department has been bound by, has not disputed the meaning of, and has not substantively amended, its own rules setting forth the process for implementing the reconciliation required under section 985.686(5). Rule 63G-1.008 of the Florida Administrative Code (now rule 63G-1.017(6), substantively unchanged), clearly provides that credits function as a reduction of future billings, just as debits are added to future billings:

> (2) If a county's actual usage is found to have exceeded the amount paid during the fiscal year, the county will be invoiced for the excess usage. The invoice will accompany the reconciliation statement, and shall be payable on or before January 31.
>
> (3) If a county's actual usage was less than the estimated amounts paid during the fiscal year, the county will be credited for its excess

2

payments. Credit will be reflected in the November billing, and will carry forward as necessary.

Fla. Admin. Code R. 63G-1.008 (2006). The function of debits and credits in the "reconciliation" process remained the same under the new rule adopted in 2010:

> (6) If the total amount paid by a county falls short of the amount owed based on actual utilization, the county will be invoiced for that additional amount. The amount due will be applied to the county's account. An invoice will accompany the reconciliation statement, and shall be payable on or before March 1. If the amount paid by a county exceeds the amount owed based on actual utilization, the county will receive a credit. The credit will be applied to the county's account and be included on the invoice sent in November.

Fla. Admin. Code R. 63G-1.017(6).

In correspondence and notices to Appellant and other counties, the Department has advised of additional amounts owed, or of credits to be applied to their accounts, with but one example being the following notice sent in 2009 (emphasis original):

> The amount shown in the Difference column is the amount of overpayment or underpayment by the county based on utilization. A debit amount in this column means the county did not pay enough based on their utilization. Any counties that have a debit amount owed will find enclosed with this correspondence an invoice for that amount. This amount is due by March 1, 2010. A credit amount in this column means the county overpaid based on their utilization and a credit invoice is enclosed with this correspondence. (If the credit amount is larger than the amount currently being paid by the county, the credit will be applied to future invoices until the credit is applied in total.) **It is critical that all credits be taken prior to June 30, 2010.** It is requested that counties not make payments on their accounts as long as their account balance is a credit. Invoices with credit balances are marked PAID when sent to the county.

3

Several counties challenged the Department's calculation of costs before the Division of Administrative Hearings. On appeal, we held that the Department's interpretation of the cost-sharing law was erroneous. Dep't of Juvenile Justice v. Okaloosa Cty., 113 So. 3d 1074 (Fla. 1st DCA 2013) ("Okaloosa I"). In a later-filed appeal controlled by Okaloosa I, the Department acknowledged error, whereupon we reversed and remanded "with instructions to the Department to adopt the [administrative law judge's] recommended order in its entirety." Okaloosa Cty. v. Dep't of Juvenile Justice, 131 So. 3d 818, 821 (Fla. 1st DCA 2014) ("Okaloosa II"). We noted in Okaloosa II that under the statute and rule, "the county will be debited or credited for the difference" calculated in the reconciliation process. 131 So. 3d at 820.

On remand from Okaloosa II, the Department issued the Final Order now before the Court, setting forth adjusted reconciliation amounts based on actual costs, and credits owed to Appellant after applying the adjusted amounts. However, the Department also inserted footnote 1 stating as follows:

> No moneys were appropriated for Fiscal Year 2014/2015 to credit counties. Some counties continue to pursue credits or refunds for past fiscal years. Only the Legislature has the power to cure such complaint.

The County challenges this footnote as contrary to this Court's mandate in Okaloosa II and contrary to the governing statute and rule.

4

We agree that footnote 1 in the Department's Final Order on Remand violates section 985.686(5) and Rule 63G-1.008 of the Florida Administrative Code (now rule 63G-1.017(6)), and fails to comply with the mandate in <u>Okaloosa II</u>. We quash that portion of the Final Order, and once again remand to the Department with instructions to apply the appropriate amount of credit (or debit) to Appellant's account after calculating and accounting for actual costs as required by the statute, rule, and our prior decisions. Consistent with the Department's own rule and previous notices, all such credits (or debits) due shall carry forward, and be applied to invoices after the fiscal year at issue, until the credit (or debit) is applied in total.

REVERSED and REMANDED.

THOMAS and RAY, JJ., CONCUR.