IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARION COUNTY, POLK COUNTY, AND SEMINOLE COUNTY,

    Appellants,

v.

CASE NOS. 1D15-0589 & 1D15-590

DEPARTMENT OF JUVENILE JUSTICE,

    Appellee.

POLK COUNTY,

    Appellant,

v.

CASE NO. 1D15-592

DEPARTMENT OF JUVENILE JUSTICE,

    Appellee.

_____/

Opinion filed April 4, 2017.

An appeal from an order of the Department of Juvenile Justice.
Christina K. Daly, Secretary.

Matthew G. Minter, County Attorney, Ocala, for Appellant Marion County.

Michael S. Craig, County Attorney, Bartow, for Appellant Polk County.

A. Bryant Applegate, County Attorney; Lynn P. Porter-Carlton, Deputy County Attorney; and Ann E. Colby, Assistant County Attorney, Sanford, for Appellant Seminole County.

Gregory T. Stewart, Carly J. Schrader, and Lynn M. Hoshihara of Nabors, Giblin & Nickerson, P.A., Tallahassee, for Seminole, Polk, and Marion Counties.

Brian Berkowitz, General Counsel; John Milla and Michael J. Wheeler, Assistant General Counsels, Tallahassee, for Department of Juvenile Justice.

ROBERTS, C.J.

These three appellate cases are all that remain of a large consolidated appeal involving the Department of Juvenile Justice (the Department) and twenty Florida counties over the juvenile detention cost-sharing system in section 985.686, Florida Statutes. The three appellant counties, Marion, Polk, and Seminole, joined seventeen other counties in challenging the Department's annual reconciliations of their estimated costs with the actual costs of secure juvenile detention, arguing, among other things, that the Department's reconciliation contravened section 985.686. After legislation was passed in 2016, seventeen of the counties voluntarily dismissed their appeals. Marion, Polk, and Seminole argue they should not be compelled to dismiss their appeals because, due to their unique positions, the 2016 legislation does not affect them. We agree.

*Background*

2

Section 985.686, Florida Statutes, creates a system by which the costs of juvenile detention are shared between the counties and the State. The counties are responsible for the costs of secure juvenile detention for detention occurring prior to "final court disposition," sometimes referred to as "pre-disposition," and the State is responsible for all other costs of secure detention, sometimes referred to as "post-disposition." § 985.686(3) & (5), Fla. Stat. Exactly where the line is drawn to delineate pre- and post-disposition has been the source of heavy litigation over the years.

Each participating county[1] "shall" incorporate into its annual budget sufficient funds to pay its estimated share of costs based on the prior use of secure detention for juveniles who are residents of the county, as calculated by the Department. § 985.686(5), Fla. Stat. The county pays its estimated costs at the beginning of each month. Id. "Any difference between the estimated costs and actual costs shall be reconciled at the end of the state fiscal year." Id.

The Department promulgated rules contained in Chapter 63G-1, Florida Administrative Code, to implement section 985.686. For the years involved in these appeals, the Department performed an annual reconciliation and provided each county with an annual reconciliation statement for the previous fiscal year, which

---

[1] The cost-sharing system operates differently if a county is "fiscally constrained" as that term is defined in Chapter 985. None of the appellants here meet the definition of "fiscally constrained county."

3

"shall reflect the difference between the amount paid by the county based on the estimated utilization and the actual utilization[.]" Rule 63G-1.017(4) & (5), Fla. Admin. Code. With regard to any overpayments found in the annual reconciliation, rule 63G-1.017(6) provides that the overpaying county is to receive a forwarding credit applied to the next year's estimated costs.

## *Facts*

Marion, Polk, and Seminole Counties are unique in that they participated in the cost-sharing system for a period of time, but elected to opt out of the system as allowed by section 985.686(10), Florida Statutes. Marion County opted out in November 2010, Polk County in October 2011, and Seminole County in 2012. For all or part of the fiscal years at issue, these counties paid their required estimated costs. After the Department published its annual reconciliations for Fiscal Years 2009-2010, 2010-2011, and 2011-2012, the appellants joined various other counties in administrative challenges to each of the three annual reconciliations. Final hearings were scheduled in each of the cases.

The administrative challenges were abated pending a final decision in a rule challenge filed by several counties that challenged the Department's rules in Chapter 63G-1 as inconsistent with section 985.686 and an invalid exercise of delegated legislative authority. The rule challenge resulted in a finding that the Department's interpretation of section 985.686 was improper and that the rules in place at the time

4

were invalid and resulted in overcharges to the counties. See Okaloosa Cty. et al. v. Dep't of Juvenile Justice, DOAH Case No. 12-0891RX (Final Order July 17, 2012); Dep't of Juvenile Justice v. Okaloosa Cty., 113 So. 3d 1074 (Fla. 1st DCA 2013) (Okaloosa I) (affirming the DOAH final order). See also Okaloosa Cty. v. Dep't of Juvenile Justice, 131 So. 3d 818 (Fla. 1st DCA 2014).

*Joint Stipulations*

Following the decisions in the rule challenge, in 2013, the parties entered into Joint Stipulations of Fact and Procedure in each of the previously abated administrative proceedings relating to Fiscal Years 2009-2010, 2010-2011, and 2011-2012.[2] In the Joint Stipulations, the Department acknowledged that the annual reconciliations were based on invalid rules and did not comply with section 985.686, resulting in the counties being overcharged for their portion of costs. The Department published recalculated overpayments for the three fiscal years, which were acknowledged by all parties to be the Department's final annual reconciliations. The Joint Stipulations resolved all the issues, but the Department would not agree to actually apply any credits or repayments for the three fiscal years.[3] The parties stipulated that the overpayment amounts would become part of

---

[2] Only Polk County was a party to the Joint Stipulation on Fiscal Year 2011-2012, and it is the only party on appeal in case 1D15-592.

[3] The Department acknowledged that Marion, Polk, and Seminole Counties were no longer part of the cost-sharing system, so credits were not an appropriate remedy for these counties.

5

the official record. They also stipulated that they would file the Joint Stipulations at DOAH and move for relinquishment of jurisdiction. The Department would then enter final orders incorporating the stipulation of facts and attaching a copy of the recalculations as the "Amended and Final Reconciliation for the Counties."

*Final Orders*

After DOAH relinquished jurisdiction, in 2015, without any further proceedings involving the counties, the Department entered its final orders. The final orders did not adopt the facts in the Joint Stipulations. The Department stated that the recalculated overpayment amounts were "contrary to section 985.686(3) and (5) . . . in that they obligate the State to pay for detention stays that are 'prior to final court disposition.'" The Department found the recalculations included some days that it determined were actually pre-dispositional, and thus, not an obligation of the State. The Department then unilaterally "corrected" the overpayments for each fiscal year. The final orders stated the corrected amounts "represent the Department's final action on the parties' challenges[.]" The difference between the recalculated overpayments in the Joint Stipulations and the corrected overpayments in the final orders are as follows:

|  | FY09-10 Stipulated (1D15-590) | FY09-10 Corrected (1D15-590) | FY10-11 Stipulated (1D15-589) | FY10-11 Corrected (1D15-589) | FY11-12 Stipulated (1D15-592) | FY11-12 Corrected (1D15-592) |
|---|---|---|---|---|---|---|
| **Marion** | $502,656.56 | $949,551.35[4] | $164,175.28 | $86,182.04 | NA | NA |

[4] The corrected amounts in the Department's final orders do not account for credits already taken by certain counties.

6

| | | | | | | |
|---|---|---|---|---|---|---|
| **Polk** | $1,759,258.57 | $943,028.21 | $2,476,765.89 | $377,130.36 | $546,175.30 | $102,537.99 |
| **Seminole** | $1,362,557.19 | $378,712.61 | $1,748,435.61 | $906,136.36 | NA | NA |

Each of the final orders also included the same footnote:

> No moneys were appropriated for FY 2014/2015 to credit counties. Only the Legislature has the power to provide funding for credits or refunds for past fiscal years.

### Original Consolidated Appeals

Marion, Polk, and Seminole Counties joined in the original consolidated appeals, arguing that the Department was bound by the Joint Stipulations and that it had a duty under section 985.686 to reconcile the counties' estimated costs with their actual costs. They, like the other counties, argued this reconciliation had to be more than just a paper accounting. Marion, Polk, and Seminole Counties specifically requested a reimbursement or refund of their overpayments as a substitute for credits because it was the only manner in which their costs could be reconciled.

### 2016 Legislation

In 2016 while the consolidated appeals were pending, a settlement was reached in the Legislature, and section 985.6865, Florida Statutes (2016), was enacted. See Ch. 2016-152, Laws of Florida. Section 985.6865(4) creates a new cost-sharing system that applies a prospective 50/50 split of the costs of secure detention between the State and the non-fiscally constrained counties.[5] The 2016

---

[5] The cost-sharing split for Fiscal Year 2016-2017 is calculated differently, but is not relevant to the issues in this appeal. See § 985.6865(4)(a), Fla. Stat. (2016).

legislation created a system where, in exchange for dismissing all pending litigation, the counties would effectively recoup their previous overpayments by enjoying a more county-favorable cost-sharing split in the future. Seventeen of the counties filed notices of voluntary dismissal. Marion, Polk, and Seminole did not, arguing they were not compelled to dismiss their appeals because the "remedy" in section 985.6865 would not apply to them as they were no longer a part of the cost-sharing system.

*Viability of the Current Appeals*

The language in section 985.6865 is clear that the legislative intent was to have the counties execute voluntary dismissals. See § 985.6865(2), Fla. Stat. (2016). The language is also clear that the new cost-sharing formula applies notwithstanding section 985.686 and applies to each county "that has taken the action fulfilling the intent of this legislation as described in subsection (2)." See § 985.6865(4), Fla. Stat. (2016). The Department concedes that the appellant counties cannot be compelled to dismiss these appeals, but argues the appeals should nonetheless be dismissed because there are no remaining justiciable issues. We disagree.

Review in this Court was premised upon section 120.68(7), Florida Statutes, which provides that agency action may be remanded or set aside where the Court finds, among other things, that the fairness of the proceedings or the correctness of the action has been impaired by a material error in procedure or the failure to follow

8

prescribed procedure; the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action; or the agency's exercise of discretion was in violation of a statutory provision. § 120.68(7)(c)-(e), Fla. Stat.

The original appeals argued that the fairness of the proceedings below was materially impaired by the Department's failure to honor the Joint Stipulations and its unilateral determination of new and different facts, which reduced the counties' overpayments. The appeals argued that this action by the Department violated principles of fundamental fairness and the requirements of section 120.57, Florida Statutes. They also argued the Department's failure to provide credit or repayments violated the Department's duty in section 985.686 to reconcile the estimated costs with the actual costs. These issues fit squarely within the grounds for relief under section 120.68(7).

Under section 120.68(6)(a), "[t]he reviewing court's decision may be mandatory, prohibitory, or declaratory in form, and it shall provide whatever relief is appropriate irrespective of the original form of the petition." This Court may "[o]rder agency action required by law; order agency exercise of discretion when required by law; set aside agency action; remand the case for further agency proceedings; or decide the rights, privileges, obligations, requirements, or procedures at issue between the parties[.]" § 120.68(6)(a)1., Fla. Stat. We find the appellants have demonstrated a present practical need for a declaration as to their

overpayment amounts for the relevant fiscal years. They have also demonstrated a present practical need for a declaration as to the Department's duty to rectify those overpayments. We disagree with the Department's assertion that the passage of the 2016 legislation and voluntary dismissal of the credit-seeking counties' appeals eliminated any justiciable controversy here. The fact that the Department's rules do not address the appellants' requested repayments does not mean that the Department is relieved of its obligations under the Joint Stipulations or its duties under section 985.686.

### *The Department Is Bound By the Joint Stipulations*

The Department concedes that the final orders should be remanded because it failed to follow the proper procedures below. See 120.68(7)(c), Fla. Stat. The appellants initiated an administrative challenge under chapter 120, Florida Statutes. These challenges contained disputed issues of material fact, and section 120.57(1) hearings were set in the cases. The appellants agreed to forgo the scheduled hearings when they entered the Joint Stipulations to resolve all disputed issues of fact and agreed that jurisdiction would be relinquished to the Department to enter final orders incorporating the stipulation of facts and attaching a copy of the recalculations as the "Amended and Final Reconciliation for the Counties." The Department acknowledges that it was error for it to unilaterally reject the stipulations without first seeking relief or withdrawal from the stipulations in DOAH. See Dortch v.

10

<u>State</u>, 137 So. 3d 1173, 1176 (Fla. 1st DCA 2014) (citing <u>Henrion v. New Era Realty</u> <u>IV, Inc.</u>, 586 So. 2d 1295, 1298 (Fla. 4th DCA 1991)).

The parties agree that a stipulation of facts is binding on the Department as well as reviewing courts. <u>See</u> <u>id.</u> <u>See</u> <u>also</u> <u>Palm Beach Cmty. Coll. v. Dep't of</u> <u>Admin., Div. of Ret.</u>, 579 So. 2d 300, 302 (Fla. 4th DCA 1991) (finding error where an administrative agency based a decision on new findings of facts when the parties had agreed to a stipulated set of facts). The Department argues it cannot be bound by the stipulated facts when those facts were premised upon a misinterpretation of the law. While we generally agree that stipulations as to questions of law are not binding, the Department's decision to unilaterally change its interpretation of the law when the parties had based their stipulation of material facts on a different interpretation of the law does not mean that the Joint Stipulations are contrary to law. The delineating line between pre- and post-disposition cost sharing has evolved over time as evidenced by the lengthy history of litigation over section 985.686. To allow the Department to unilaterally reject the stipulations of fact determining the appellants' substantial interests in favor of a new interpretation would be patently unfair and impermissible. <u>Cf.</u> <u>Dortch</u>, 137 So. 3d at 1176 ("A stipulation cannot be 'impeached or swept aside' merely by the 'bald statement' of a party desiring to renege.") (quoting <u>State ex rel. Alfred E. Destin Co. v. Heffernan</u>, 47 So. 2d 15, 17 (Fla. 1950)). Allowing the Department's corrected overpayments in the final orders

11

to stand would be akin to allowing the Department to improperly retroactively apply its new interpretation. Cf. Delong v. Fla. Fish & Wildlife Conservation Comm'n, 145 So. 3d 123, 126 (Fla. 3d DCA 2014).

Joint Stipulations are generally favored, and "absent a showing of fraud, misrepresentation or mistake, stipulations are binding on the parties who enter them, including administrative agencies participating in administrative proceedings and the courts." Seminole Elec. Co-op, Inc. v. Dep't of Envtl. Prot., 985 So. 2d 615, 621 (Fla. 5th DCA 2008). The Department made no such showing of fraud, misrepresentation, or mistake here, nor can it. The parties were bound by the Joint Stipulations, and the fact that the Department subsequently changed its interpretation of the law was not a valid basis for it to unilaterally reject the Joint Stipulations and "correct" the appellants' overpayment amounts. The final orders are reversed and remanded to the Department to enter final orders incorporating the Joint Stipulations.

### *The Department's Duty Under Section 985.686*

The question of whether the Department has a duty to actually repay the appellants involves an interpretation of section 985.686. In construing a statute, we strive to give effect to the Legislature's intent. Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla. 2005). "When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." Id. Courts should strive to give full effect

12

to all statutory provisions and construe related statutory provisions in harmony with one another. Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992).

Section 985.686(1) recognizes that the State and the counties have a "joint obligation" to cover the costs of secure juvenile detention. Under the statute, a county must pay the costs of providing secure detention care for pre-dispositional juveniles. § 985.686(3), Fla. Stat. The Department is directed to develop an accounts payable system to allocate costs that are payable by the counties. § 985.686(3), Fla. Stat. A county bears the responsibility to incorporate into its annual budget sufficient funds to pay its estimated costs. § 985.686(5), Fla. Stat. Likewise, the Department has a duty to reconcile the estimated costs and actual costs. § 985.686(5), Fla. Stat. ("Any difference between the estimated costs and actual costs *shall be reconciled* at the end of the state fiscal year.") (emphasis added).

As discussed above, a county prepays its costs based upon the Department's estimate. The statute clearly provides that the Department has a duty to reconcile any difference between the estimated costs and actual costs at the end of the state fiscal year. The Department's duty to reconcile in the statute is clear. Also clear is the statute's directive that the counties are only responsible for "actual costs." By recognizing an overpayment and then failing to take any steps to remedy the overpayment, the Department is not performing its duties under the statute. Such

13

inaction renders the reconciliation process in the statute meaningless. See Forsythe, 604 So. 2d at 456 ("It is a cardinal rule of statutory interpretation that courts should avoid readings that would render part of a statute meaningless.").

This Court recently considered the Department's duty under section 985.686 in Pinellas County v. Florida Department of Juvenile Justice, 188 So. 3d 894, 896 (Fla. 1st DCA 2016). This Court found the Department's attempt to avoid applying a forwarding credit by using the same footnote[6] violated section 985.686(5) and former rule 63G-1.008. Id. This Court quashed the final order and remanded to the Department with instructions to apply the appropriate amount of forwarding credit. Id.

The Department argues Pinellas is not applicable here because the appellants are not seeking forwarding credits and repayments are not an appropriate remedy. While the Department is correct that neither the statute nor the rules mention repayments, Pinellas supports the counties' argument that the Department has a duty under section 985.686(5) to provide a reconciliation between a county's estimated costs and actual costs that constitutes more than a reconciliation on paper. It also supports their argument that the footnote in this case, which memorializes the

---

[6] "No moneys were appropriated for Fiscal Year 2014/2015 to credit counties. Some counties continue to pursue credits or refunds for past fiscal years. Only the Legislature has the power to cure such complaint."

Department's attempt to place the burden on the counties to recoup their overpayments, is invalid.

We agree with the Department that the manner in which the Department must satisfy its duty in the instant case is not wholly clear because the Department's implementing rule, rule 63G-1.017, only provides for a forwarding credit and does not address repayments. The fact that the Department's rules only provide for a forwarding credit does not delete the statutory requirements that counties are only responsible for actual costs and the Department has a mandatory duty to reconcile overpayments. The Department argues that the judiciary may not direct an executive agency to spend its money in a particular way because such a direction would interfere with the agency's discretion in spending its appropriated funds. See e.g., Office of the State Attorney for Eleventh Judicial Circuit v. Polites, 904 So. 2d 527, 532 (Fla. 3d DCA 2005). We agree and reiterate that we are holding the Department to its statutory duty to reconcile the appellants' overpayments to ensure the counties only paid their "actual costs." Any arguments as to where the money to repay the appellants must come from is beyond the scope of this opinion.[7]

---

[7] How those monies are returned to the appellants, whether it be through a proceeding under section 215.26, Florida Statutes, or another means, does not preclude the appellants' requested "remedy" in this appeal under section 120.68. Our decision determines that the appellants were impacted by adverse agency action. It does not determine the manner in which the repayments should be made to the appellants. See Barry Cook Ford v. Ford Motor Co., 616 So. 2d 512 (Fla. 1st DCA 1993).

15

We agree with the appellants that the Department has a statutory duty to actually reconcile the appellants' overpayment amounts as reflected in the Joint Stipulations.

REVERSED and REMANDED.

WOLF and B.L. THOMAS, JJ., CONCUR.