DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LANDMARK AMERICAN INSURANCE COMPANY,**
Appellant,

v.

**PIN-PON CORPORATION,**
Appellee.

Nos. 4D18-339 and 4D18-846

[February 13, 2019]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Paul B. Kanarek, Judge; L.T. Case Nos. 312009CA010320 and 312009CA012244.

Hinda Klein of Conroy Simberg, Hollywood, and Lauren Levy of Levy Law Group, Coral Gables, for appellant.

Curtis B. Miner of Colson Hicks Eidson, P.A., Coral Gables and Stephen A. Marino, Jr. and Arya Attari of Ver Ploeg & Lumpkin P.A., Miami, for appellee.

FORST, J.

Landmark American Insurance Company appeals a final judgment awarding Pin-Pon Corporation, its insured, $5,644,668.79 for expenses Pin-Pon incurred bringing its Palm Court Resort Hotel property up to code while repairing the extensive damage caused by Hurricanes Frances and Jeanne in September 2004. Landmark raises four issues. We reverse and remand on two, holding the trial court erred by: (1) permitting Pin-Pon to withdraw from its pretrial stipulation that Landmark could be liable for no more than $2.5 million in code upgrade costs per hurricane, and (2) finding Landmark paid Pin-Pon $651,278.16 for code upgrades before trial, after the parties stipulated to $698,774.31.

## Background

This is the second appearance of this case before this court. Before the first trial, the parties entered into a pretrial stipulation in which Pin-Pon agreed that the Landmark policy was limited in coverage to $2.5 million

for code upgrade costs per hurricane. In accordance with the stipulation, Pin-Pon agreed to seek $2.5 million for each hurricane. The jury awarded Pin-Pon $1.5 million in code upgrade costs for Hurricane Frances and found that no additional code upgrade costs were incurred from the subsequent hurricane, Jeanne. Landmark appealed the Frances judgment, and this Court reversed and remanded for a new trial on code upgrade costs resulting from Frances.[1] *Landmark Am. Ins. Co. v. Pin-Pon Corp.*, 155 So. 3d 432, 442 (Fla. 4th DCA 2015). Following our remand, and before the new trial, Pin-Pon moved to withdraw its earlier stipulation, arguing it had misinterpreted the insurance policy. The trial court apparently accepted the withdrawal, as it awarded Pin-Pon $6,295,946.95 in code upgrade costs to be paid by Landmark, minus the $651,278.16 it found Landmark had already paid, resulting in a $5,644,668.79 judgment.

## Analysis

We review decisions on motions to withdraw stipulations for abuse of discretion, unless the decision is purely one of law which would entail de novo review. *See Eagle FL VI SPE, LLC v. T & A Family P'ship, Ltd.*, 177 So. 3d 1277, 1282 (Fla. 2d DCA 2015).

"[G]enerally . . . stipulations as to questions of law are not binding . . . ." *Marion Cty. v. Dep't of Juvenile Justice*, 215 So. 3d 621, 626 (Fla. 1st DCA 2017). However, "when a case is tried upon stipulated facts the stipulation is binding not only upon the parties but also upon the trial and appellate courts and further that no other or different facts will be presumed to exist." *Troup v. Bird*, 53 So. 2d 717, 721 (Fla. 1951). As the First District recently reiterated: "Long ago, the Florida Supreme Court announced the enduring principle concerning [factual] pretrial stipulations: 'A stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court.'" *Delgado v. Agency for Health Care Admin.*, 237 So. 3d 432, 436-37 (Fla. 1st DCA 2018) (quoting *Gunn Plumbing, Inc. v. Dania*, 252 So. 2d 1, 4 (Fla. 1971)).

"In order to obtain relief from a [factual] stipulation, a party must make a reasonable motion to withdraw the stipulation supported by an affidavit showing good cause." *Eagle FL VI SPE, LLC*, 177 So. 3d at 1280 (quoting *Henrion v. New Era Realty IV, Inc.*, 586 So. 2d 1295, 1298 (Fla. 4th DCA 1991)). "Relief is not warranted 'where it appears that the stipulation was

---

[1] Neither party has challenged the jury's determination that the Landmark insurance policy was not implicated with respect to code upgrade damages attributable to Hurricane Jeanne.

2

voluntarily undertaken and there is no indication that the agreement was obtained by fraud, misrepresentation, or mistake of fact.'" *Id.* (quoting *Henrion*, 586 So. 2d at 1298); *see also Limehouse v. Smith*, 797 So. 2d 15, 17 (Fla. 4th DCA 2001) ("[A] party's performance under a contract is not excused on the basis of unilateral mistake when the mistake is the result of the party's own negligence and lack of foresight . . . ."). "[T]he fact that [a party] subsequently change[s] its interpretation of the law [is] not a valid basis for it to unilaterally reject the Joint Stipulation[]." *Marion Cty.*, 215 So. 3d at 627.

Here, based on its interpretation of the Landmark insurance policy, Pin-Pon made a legal stipulation that the policy was limited to $2.5 million in code upgrade costs per hurricane. Also included in the parties' first pretrial stipulation, was Pin-Pon's *factual* stipulation that it was seeking $2.5 million in code upgrades necessitated by Frances. While the trial court was not bound by the legal stipulation, Pin-Pon's purported mistake of law (or subsequent change in its interpretation of the policy) is not good cause for withdrawal from its factual stipulation. *See Marion Cty.*, 215 So. 3d at 626-27. Therefore, it should have remained bound to the factual stipulation.

Moreover, Landmark was arguably prejudiced by the erroneous withdrawal. It may not have appealed the $1.5 million Frances award had it known it could be liable for the full $6.3 million in claimed damages, rather than the agreed upon $2.5 million limit. *See Limehouse*, 797 So. 2d at 17 ("[A] party's performance under a contract is not excused on the basis of unilateral mistake when . . . the other party has relied upon his performance so that rescission would be inequitable.").

Landmark also argues it paid Pin-Pon $906,470.31 in code upgrade costs before Pin-Pon sued, yet the trial court credited it with only $651,278.16, based on the testimony of a Pin-Pon witness. However, the second pretrial stipulation states that Landmark had paid Pin-Pon $698,774.31. Neither party withdrew from this stipulation, so the court was bound by the agreed-upon amount.

## Conclusion

For the reasons set forth above, we reverse and remand for a reduction in Landmark's code upgrade liability to $2.5 million, minus the $698,774.31 it has already paid, and a recalculation of pre- and post-judgment interest.

*Reversed and Remanded.*

3

GERBER, C.J., and KLINGENSMITH, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***