# Supreme Court of Florida

_____

No. SC2023-0831
_____

**JERMAINE FOSTER,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

August 29, 2024

SASSO, J.

Jermaine Foster, a prisoner under sentences of death, appeals the circuit court's denial of his successive motion for postconviction relief under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. For the reasons we explain below, we affirm the denial of postconviction relief.

## I.

### A.

In 1994, Appellant Jermaine A. Foster ("Foster") was convicted of two counts of first-degree murder, one count of attempted first-

degree murder, and four counts of kidnapping, for which the jury ultimately recommended two death sentences. *Foster v. State*, 679 So. 2d 747, 751 (Fla. 1996). Following the sentencing hearing, the trial court sentenced Foster to death. *Id.* On appeal, we affirmed his convictions and sentences. *Id.* at 756. The U.S. Supreme Court denied certiorari review. *Foster v. Florida*, 520 U.S. 1122 (1997).

Foster then sought postconviction relief based on intellectual disability claims, filing his first motion in 2002. Before the postconviction court ruled on his motion, but following an evidentiary hearing that included testimony concerning Foster's mental abilities, the U.S. Supreme Court decided *Atkins v. Virginia*, 536 U.S. 304 (2002), holding that "death is not a suitable punishment for a mentally retarded criminal," as "such punishment is excessive" and offends the Eighth Amendment. *Id.* at 321. So after the postconviction court denied his motion, Foster appealed to this Court seeking relief based on *Atkins*, among other grounds.

After oral argument, we relinquished jurisdiction to the postconviction court for an evidentiary hearing on one of Foster's claims. *Foster v. State*, 929 So. 2d 524, 528 (Fla. 2006). The postconviction court also reviewed Foster's evidence allegedly

- 2 -

supporting his *Atkins* claim and concluded that he failed to establish "the necessary prongs to show mental retardation." *See id.* at 531-33. We affirmed the postconviction court in all respects. *Id.* at 537.

**B.**

After the U.S. Supreme Court decided *Hall v. Florida*, 572 U.S. 701 (2014), which this Court decided should be applied retroactively in *Walls v. State* (*Walls I*), 213 So. 3d 340, 346 (Fla. 2016), Foster filed a successive motion for postconviction relief, again asserting an intellectual disability claim. *Foster v. State*, 260 So. 3d 174, 179 (Fla. 2018). The postconviction court summarily denied Foster's motion without an evidentiary hearing, concluding that his claim was procedurally barred because all three prongs of the intellectual disability test had already been considered. *Id.* On appeal, we concluded that because *Hall* and *Walls I* required a different standard by which Foster had not yet had the opportunity to present evidence, Foster was entitled to a *Hall*-compliant evidentiary hearing. *Id.* We therefore remanded to the postconviction court for such a hearing but affirmed the postconviction court's denial of Foster's other claims. *Id.* at 181.

On May 21, 2020, before Foster's *Hall*-compliant hearing took place in the postconviction court, this Court decided *Phillips v. State*, 299 So. 3d 1013 (Fla. 2020). In *Phillips*, we held that the *Walls I* decision was clearly erroneous and that *Hall* should not be given retroactive application. *Id.* at 1019-21. Relying on *Phillips*, the State moved for cancellation of the *Hall*-compliant hearing in Foster's case and requested that the postconviction court dismiss his intellectual disability claim. However, at a hearing on the State's motion, the State conceded that based on our intervening decision in *State v. Okafor*, 306 So. 3d 930 (Fla. 2020), the postconviction court could not deviate from our mandate requiring an evidentiary hearing in Foster's case. Accepting the State's concession, in orders dated February 8, 2021, and February 18, 2021, the postconviction court denied the State's motion for summary denial of Foster's intellectual disability claim. The postconviction court cited *Okafor* and concluded that because the State filed its motion after the statutorily imposed 120-day deadline to recall the mandate, "the mandate for [the court] to hold an

evidentiary hearing on the intellectual disability claim remains undisturbed."

**D.**

On March 31, 2022, this Court decided *Thompson v. State*, 341 So. 3d 303 (Fla. 2022). We had previously remanded Thompson's case for an evidentiary hearing following our decisions in *Hall* and *Walls I*, but *Phillips* was decided before the hearing was held. The State argued below that our decision in *Phillips* was an intervening change in law that eliminated the need for the hearing. *Id.* at 305. The trial court agreed and denied Thompson's claim. *Id.* On appeal, we affirmed, concluding that, unlike in *Okafor*, where the defendant's sentence had been "wiped . . . clean" by this Court's mandate vacating it, in Thompson's case the death sentence was final and fully intact. *Id.* at 306. We further concluded that *Phillips* represented a change in the relevant fundamental controlling legal principles, and therefore constituted an exception to the law of the case doctrine. *Id.* As a result, because of the finality of Thompson's sentence and the decision in *Phillips*, we held that Thompson could not succeed on his *Hall*-based disability claim. *Id.*

- 5 -

On the same day *Thompson* was decided, the State filed a renewed motion for summary denial of Foster's intellectual disability claim. The State argued that, while the postconviction court had denied its previous motion based on *Okafor*, *Thompson* distinguished *Okafor* in cases such as Foster's. In response, Foster argued that the State had waived and abandoned the claim that *Hall* does not retroactively apply.

The postconviction court granted the State's renewed motion on May 3, 2023, and denied Foster's intellectual disability claim. In doing so, the postconviction court concluded that *Phillips* constituted an intervening change in controlling case law, *Hall* did not apply retroactively, and the State's concession as to the applicability of *Okafor* did not constitute a waiver of the argument that *Hall* is not retroactive. This appeal follows.

## II.

Foster raises three issues on appeal. Specifically, he argues that the postconviction court erred when it (1) concluded that *Phillips* was correctly decided and is applicable in Foster's case, (2) summarily denied Foster's request for an evidentiary hearing, and (3) concluded that the State did not waive its argument against a

retroactive application of *Hall* when it initially conceded that *Phillips* did not apply under existing precedent.  We disagree.

**A.**

Foster's intellectual disability claim, in large part, relies on retroactive application of *Hall.*  But *Phillips* forecloses that prospect.  So, Foster now argues that *Phillips* was wrongly decided.  Consistent with our decision in *Walls v. State* (*Walls II*), 361 So. 3d 231, 233-34 (Fla. 2023), we reject Foster's invitation to recede from *Phillips.  See, e.g., id.*; *Thompson,* 341 So. 3d at 306; *Nixon v. State,* 327 So. 3d 780, 783 (Fla. 2021); *Pittman v. State,* 337 So. 3d 776, 777 (Fla. 2022); *Freeman v. State,* 300 So. 3d 591, 594 (Fla. 2020); *Cave v. State*, 299 So. 3d 352, 353 (Fla. 2020).  And because we reject Foster's invitation to recede from *Phillips*, his second argument fails as well.  As the postconviction court properly concluded, Foster is procedurally barred from the relief he seeks based on this Court's current precedent of *Nixon* and *Thompson.  See Thompson,* 341 So. 3d at 306 (affirming summary denial of *Hall*-based intellectual disability claim); *Nixon,* 327 So. 3d at 783 (declining to review the merits of a *Hall*-based intellectual disability challenge).

- 7 -

**B.**

Foster's argument that the State was precluded from challenging the retroactive application of *Hall* also falls short.

In support of this point, Foster relies on appellate waiver cases that are inapplicable here. For example, Foster relies on *Godinez v. Moran*, 509 U.S. 389, 397 n.8 (1993), in which the U.S. Supreme Court declined to address an argument regarding retroactive application of a decision where the issue of retroactivity was not raised in the lower courts or in the petitioner's petition for writ of certiorari. Foster also cites *Schiro v. Farley*, 510 U.S. 222, 229 (1994), in which the U.S. Supreme Court declined *as a matter of discretion* to address the State's argument regarding retroactivity where the State had not raised the argument in its petition for writ of certiorari.

Here, unlike the circumstances in *Schiro* and *Godinez*, the State essentially sought reconsideration of a non-final order after *Thompson* clarified and limited *Okafor*'s application. So, even characterizing the State's comments at the first hearing as a concession as to whether *Okafor* permitted the trial court to deviate from this Court's mandate, the concession was not binding. *See,*

*e.g.*, *Landmark Am. Ins. Co. v. Pin-Pon Corp.*, 267 So. 3d 411, 412 (Fla. 4th DCA 2019) (noting stipulations to questions of law are not binding); *Perry v. State*, 808 So. 2d 268, 268 (Fla. 1st DCA 2002) (noting court was not bound by State's mistaken concession regarding the applicability of case law to the issue before the court). Instead, the postconviction court properly evaluated the State's renewed motion and applied the intervening decisions of *Thompson, Nixon, Walls II*, and *Lawrence*.[1]

### III.

Consistent with *Nixon, Thompson*, and *Walls II*, we conclude that Foster does not get the benefit of *Hall*. Consequently, his *Hall*-based intellectual disability claim fails, and we therefore affirm the

---

1. We likewise reject Foster's argument that *Okafor* rather than *Thompson* informs the question of whether *Phillips* applies to Foster's case. *See Thompson*, 341 So. 3d at 306; *Nixon*, 327 So. 3d at 783; *Walls II*, 361 So. 3d at 233-34. And we find no merit in Foster's argument that his case is more similar to Okafor's because both mandates were "founded on their first opportunity to be fairly heard." *See Foster*, 929 So. 2d at 531-33 ("After reviewing the record and the postconviction court's findings, we reject Foster's claim that his rights under *Atkins* were violated. Foster was afforded a hearing on the issue of mental retardation and was permitted to introduce expert testimony on the issue. The postconviction court found that the evidence did not support his claim. We find no errors in the postconviction court's findings or conclusions.").

postconviction court's summary denial of his successive motion for postconviction relief.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
LABARGA, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., dissenting.

In my view, Foster's intellectual disability claim should not be summarily denied. Thus, I dissent to the majority opinion, consistent with my dissent in *Phillips v. State*, 299 So. 3d 1013 (Fla. 2020) (receding from *Walls v. State*, 213 So. 3d 340 (Fla. 2016), and holding that *Hall v. Florida*, 572 U.S. 701 (2014), does not apply retroactively).

In 2018, this Court concluded that Foster—who first alleged his intellectual disability in 2002—was entitled to a *Hall*-compliant hearing on his intellectual disability claim. However, in light of this Court's subsequent decision in *Phillips*, and consistent with its 2022 decision in *Thompson v. State*, 341 So. 3d 303 (Fla. 2022), the majority here concludes that Foster is not entitled to that

- 10 -

consideration. Consequently, the majority affirms the summary denial of Foster's claim.

Because this Court, in *Phillips*, concluded that *Hall* does not apply retroactively, Foster's entitlement to a *Hall*-compliant hearing turns on whether his convictions and death sentences became final before *Hall* was decided. They did become final before *Hall*, thus foreclosing relief on Foster's intellectual disability claim.

In my dissent in *Phillips*, I explained that "[t]he import of [*Phillips*] is that some individuals whose convictions and sentences were final before *Hall* was decided, despite timely preserved claims of intellectual disability, are not entitled to consideration of their claims in a manner consistent with *Hall*. . . . This arbitrary result undermines the prohibition of executing the intellectually disabled." *Phillips*, 299 So. 3d at 1025 (Labarga, J., dissenting). "If *Hall* is not retroactively applied in a uniform manner, an intellectually disabled individual on Florida's death row may eventually be put to death." *Id.*

For these reasons, I respectfully dissent.

An Appeal from the Circuit Court in and for Orange County,
    Jalal A. Harb, Judge
    Case No. 481993CF012001000AOX

Linda McDermott and Lauren Rolfe, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida; and Eric Pinkard, Capital Collateral Regional Counsel, and Julissa R. Fontán, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Doris Meachum, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee